UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 28  P 12: 14

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| MIKE CARON et al., | ) |
| | ) |
| Defendant | ) |

Civil Action 3:03CV0007-RNC

## DEFENDANT MIKE CARON'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), defendant Mike Caron hereby moves for summary judgment on all counts of the complaint. There is no genuine issue as to any material fact relative to said counts, and he is therefore entitled to summary judgment as a matter of law.

### Summary of the Action

According to the complaint, plaintiff "distribut[es] satellite television broadcasts throughout the United States." Complaint, ¶2. Plaintiff restricts the actual viewing of its signal to those who pay for it by "us[ing] encryption technology to digitally scramble the signal making the signal unusable until it is unscrambled." Complaint, ¶3. This is governed by an "access card" which resides in a Satellite Receiver. Complaint, ¶3. To allow its paying customers to view programming, plaintiff "electronically directs the Access Card to unscramble portions of the satellite signal allowing customers to view programs on their televisions and/or listed to certain high quality audio programs communicated by satellite." Complaint, ¶4.

In this action, DirecTV claims that defendant illegally intercepted its satellite signal without paying for same and, moreover, that he assisted other persons in doing so, allegations which defendant adamantly denies.   Plaintiff has no direct evidence of any such interception (see discussion at pp. 3-8 , *infra*).   To the contrary, plaintiff's only basis for bringing this lawsuit is defendant's purchase of certain devices which plaintiff calls "pirate access devices." Complaint, ¶5.   Plaintiff contends that this purchase alone constitutes sufficient evidence that defendant actually intercepted a satellite signal in violation of the federal statutes set forth in the complaint and that defendant is also liable for civil conversion.   Moreover, plaintiff alleges that defendant's mere possession of the items permits it to recover damages under federal law.

## ARGUMENT

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).   If the moving party carries its burden of demonstrating that there is an absence of evidence to support a claim, then in order to avoid summary judgment the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).   A "genuine issue" only exists if a reasonable fact-finder could return a verdict for the non-moving party.

## I. AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT VIOLATED 47 U.S.C. §605(a).

Count I of the complaint alleges that defendant received and assisted others in receiving DirecTV's satellite transmissions of television programming without authorization, in violation of the Federal Communications Act, 47 U.S.C. §605(a). This statute provides in pertinent part:

> (a) No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication for his own benefit or for the benefit of another not entitled thereto.

Satellite television transmissions are covered under the Act. *See,* e.g., *United States v. Harrell,* 983 F.2d 36 (5th Cir. 1993).

The plain language of the statute makes clear that it is violated only by actual interception (or assistance in interception), and a number of courts have so held. *See,* e.g., *TWC Cable Partners v. Conzo,* 1997 WL 1068670 at 2 (E.D.N.Y. 1997)("In order to establish violations of 47 U.S.C. §§553(a)(1) and 605(a), plaintiff would have to show that defendant intercepted or received communications offered over plaintiff's cable system through the use of equipment capable of receiving satellite programming."); *V Cable Inc. v. Guercio,* 148 F. Supp. 2d 236, 242 (E.D.N.Y. 2001)(holding mere possession of "pirate" descrambling devices does not violate §605(a)); *Smith v. Cincinnati Times-Star,* 475 F.2d 740, 741 (6th Cir. 1973)("section 605 . . . is violated only when a person both intercepts and divulges a communication"); *United States v. Herring,* 933 F.2d 932, 937 (11th Cir. 1991), *rev'd on other grounds,* 993 F.2d 784 (11th Cir. 1993); *California Satellite Systems v. Seimon,* 767 F.2d 1364 (9th Cir. 1985). Moreover, the Act

provides that a civil action to recover damages may only be brought by a "person aggrieved" by a violation of §604(a). 47 U.S.C. 605(e)(3)(A).  A "person aggrieved" is defined by the Act as "any person with proprietary rights in the intercepted communication by wire or radio . . . " 47 U.S.C. §605(d)(6).

Here, the undisputed facts reveal that, as a matter of law, plaintiff lacks sufficient admissible evidence to sustain its claim that defendant intercepted any satellite signal without authorization.  Moreover, even if, *arguendo,* plaintiff could establish that defendant intercepted a signal, as a matter of law plaintiff cannot establish that it was *plaintiff's* signal that was intercepted, as it is required to do.

Based on the pleadings, discovery responses, and affidavit of the defendant, the following material facts are undisputed:

(i)  Defendant purchased the devices in question in order to program a "smart card" for a wall safe he bought at a tag sale in North Branford.  Defendant was somewhat familiar with "smart cards" as a result of his training and experience as a respiratory therapist. They are plastic, credit-card sized cards which contain a chip that can be programmed and then read by a card "reader."  Defendant's Affidavit, ¶3.

(ii)  The "smart card" which came with the safe did not work.  Defendant conducted an on-line search and found many websites devoted to "smart card" technology.  Defendant order the subject devices based on the site's recommendation for what he needed to re-program the card.  Defendant's Affidavit, ¶5.

(iii)  After receiving the devices defendant tried to re-program the card, but was not successful.  He then tried using a different card  which he had been given by a co-worker, also unsuccessfully.  Defendant then requested a refund from the company which sold the

devices to him, a request that was denied. He then just gave up and threw out the safe along with the two devices he had purchased. This was done no later than February, 2001. Defendant's Affidavit, ¶6.

(iv) Defendant could not have received and viewed plaintiff's signal unless he had "access to a satellite dish, integrated receiver/decoder and access card." Plaintiff's Response to Defendant's Request for Admissions, Number 6.

(v) Defendant had been a subscriber to DirecTV from 1998 – 1999. At the time he discontinued his subscription, defendant threw out the DirecTV satellite dish because he determined it was in poor condition and not worth saving. Thus, defendant did not have the means to illegally intercept and view plaintiff's signal during the time he possessed the subject devices, as access to a satellite dish is required. Defendant's Affidavit, ¶¶7, 8; Plaintiff's Response to Defendant's Request for Admissions, Number 6. [1]

(vi) At no time did plaintiff observe defendant intercept its signal. Plaintiff's Response to Defendant's Request for Admissions, Number 1.

(vii) At no time did plaintiff observe defendant modifying or using the subject devices. Plaintiff's Response to Defendant's Request for Admissions, Number 2.

(viii) Defendant never intercepted, received, exhibited, or attempted to intercept, receive, or exhibit, any satellite signal without being authorized to do so, nor did he ever assist any person or entity in such activities. Defendant's Affidavit, ¶8.

(ix) Defendant never used the subject devices on any DirecTV access card or in connection with any DirecTV equipment or system, and until being accused of satellite theft by plaintiff did not even know that they could be used for such purpose.

---

[1] Plaintiff's Responses to Defendant's Requests for Admissions are appended hereto as Exhibit A.

Defendant's Affidavit, ¶8.

These facts can lead to only one conclusion: as a matter of law, plaintiff cannot sustain its burden on summary judgment of setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The threshold, and dispositive, issue is that plaintiff has no evidence whatsoever that defendant actually intercepted its signal. Indeed, there are no facts which even suggest defendant used the device in any unlawful manner, much less to intercept a satellite signal. Therefore, plaintiff cannot establish a violation of the statute as a matter of law. Finally, it cannot be seriously disputed that plaintiff is not a "person aggrieved" within the meaning of 47 U.S.C. §605(d)(6): lacking any evidence of actual interception, and lacking any evidence as to the nature and/or source of any intercepted signal, plaintiff is utterly unable to show that it has any "proprietary rights" in any intercepted communication.[2]

The facts here thus mirror those present in *DirecTV v. Bush,* Case H-03-1765 (S.D. Tex., Oct. 24, 2003) and *DirecTV v. McFadden,* Case 1:02-CV-924 (W.D. Mich., Oct. 22, 2003), where defendants were both awarded summary judgment since the only "evidence" of actual interception offered by DirecTV was the defendant's purchase of a device which could allegedly be used to help steal a signal. In *Bush,* the defendant acknowledged purchasing a product known as a "Boot Loader" which DirecTV contended was a so-called "pirate" device described in 47 U.S.C. §605(e)(4).

---

[2] In this respect, a satellite broadcaster – whose signal is dispersed over an extensive geographical area along with the signals of its competitors – is in a far different position than a cable operator, which generally has an exclusive franchise to provide service to a particular locale. Thus, in section 553 of the Act, which deals with cable transmissions, Congress did not deem it necessary to define the phrase "any person aggrieved." By contrast, given the very different nature and reach of satellite signals, potential claimants under s. 605 were expressly limited to those with a "proprietary interest" in the actual programming intercepted. *See,* generally, *Kingvision Pay-Per-View, Ltd. v. Rocca,* 181 F.Supp.2d 29, 34 (D.N.H. 2002).

Nonetheless, the court ruled the defendant was entitled to summary judgment because "DIRECTV has offered nothing more than [defendant's] alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signals in an unauthorized manner." Memorandum and Order, at 7-8.   The facts of the case at bar dictate a similar conclusion.  Similarly, in *McFadden,* defendant acknowledged purchasing an allegedly "pirate access device."  However, he attested that his purpose in obtaining the device was "to access and view charges placed on his personal credit cards," and that it was never used to intercept a satellite signal.  The court ruled that since DirecTV had no evidence of actual interception, these unrefuted statements by defendant were sufficient as a matter of law to defeat plaintiff's claim under 47 U.S.C. §605(a), and summary judgment was granted.  *See, also, DirecTV v. Fisher,* Case 6:02-3197-18 (D.S.C., Aug. 18, 2003) ("[e]vidence of possession of a pirating device alone does not raise a reasonable inference that defendant possessed the means and ability to intercept DIRECTV's satellite transmission in violation of 47 U.S.C. §605(a)); *DirecTV v. Uselton,* Case 3-02-1199 (M.D. Tenn., Dec. 10, 2003) ("[t]he mere possession of Pirate Access Devices . . . does not amount to the interception, disclosure or intentional use of another person's wire, oral, or electronic communication."). *Compare: Community Television Systems, Inc. v. Caruso,* 284 F.3d 430 (2nd Cir. 2002)(judgment for cable operator under 47 U.S.C. §605 affirmed where there was evidence that "descrambler unit" purchased by defendants was installed in defendants' home and specifically programmed to receive plaintiff's cable transmission, and defendants also invoked their fifth amendment privileges against self-incrimination on issues of purchase and use of unit). *Cf. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 259 F.Supp.2d 1029,

1043 (C.D. Cal. 2003)(companies which distribute and support software having both lawful and unlawful uses cannot be held liable for copyright infringement "absent evidence of active and substantial contribution to the infringement itself").

Accordingly, there being no genuine issue of material fact, defendant is entitled to summary judgment as a matter of law on Count I of the complaint.

## II.  AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT VIOLATED 18 U.S.C. §2511(1)(a).

In Count II of its complaint, plaintiff asserts that defendant is liable for violating the Wiretap Act, 18 U.S.C. §2511(1)(a), which establishes a cause of action if a person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Like its counterpart in the Federal Communications Act, this statute also requires actual (or attempted) interception, and plaintiff's claim therefore fails for the same reason that its claim under 47 U.S.C. §605 (a) is deficient:  plaintiff simply does not have **any** admissible evidence that defendant intercepted, or attempted to intercept, plaintiff's satellite signal.[3]

Accordingly, defendant is entitled to summary judgment on Count II of the complaint.

---

[3] Moreover, the fact that mere possession of an allegedly "pirate" device is insufficient to violate §2511(1)(a) is highlighted by the next sub-section of Title 18, which deals explicitly with possession.

### III. PLAINTIFF DOES NOT HAVE A PRIVATE CAUSE OF ACTION AGAINST DEFENDANT FOR ALLEGEDLY VIOLATING 18 U.S.C. §2512(1)(b)

Count III of the complaint alleges that defendant violated 18 U.S.C. §2512(1)(b), which is a criminal statute imposing penalties against a person who "manufactures, assembles, possesses, or sells any elecronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications." A private, civil cause of action for violating this statute can be found in 18 U.S.C. §2520(a), which provides in relevant part:

> any person **whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used** in violation of [18 U.S.C. §§2510-2522] may in a civil action recover from **the person or entity which engaged in that violation** such relief as may be appropriate.

(emphases added). Thus, the plain language of section 2520(a) is that a cause of action for mere possession of an allegedly unlawful device only lies if the device has been used to actually intercept (or disclose, or use) an electronic signal, a conclusion buttressed by a substantial majority of the courts which have addressed the issue.[4] In what is believed to be the most recent pronouncement, the United States District Court for the Eastern District of Missouri ruled on January 12, 2004, as follows:

> The plain and unambiguous language of 18 U.S.C. §2520(a) limits those against whom a civil action lies to persons who intercept, disclose or intentionally use wire, oral, or electronic communications in violation of Chapter 119 of Title 18 of the United States Code.

---

[4] As one court euphemistically put it: "[t]his issue has been raised numerous times in the massive wave of litigation DirecTV has unleashed." *DirecTV v. Dino,* Case 4:03CV00335-ERW (E.D.Mo., Jan. 12, 2004).

*DirecTV v. Dino, supra,* at 6. The alternative urged by plaintiff would create a

preposterous situation: multiple satellite broadcasters could each bring civil actions

against the same owner/possessor of a device without the necessity of showing that any

of them had been damaged in any way. Thus, as one court has explained:

> the **use** of an eavesdropping device, as outlawed by §2511,
> creates a victim, thereby justifying a private cause of action,
> but the mere **possession** of such a device, as banned by §2512,
> creates no individualized harm and, thus, no justification for
> private recovery.

*DirecTV v. Amato,* 269 F. Supp. 688, (E.D. Va. 2003). Indeed, plaintiff's assertion of a

section 2512 claim without any evidence of actual interception is so contrary to the

statutory language and intent that one court was prompted to remark: "DIRECTV's

imaginative interpretation of the plain language of §2520 borders on the surreal."

*DirecTV v. Kahn,* Case CIV-03-507-WH (E.D.Ok., Dec. 12, 2003). *See,* also, *DirecTV v.*

*Jerolleman,* 2003 WL 22697177 (E.D. La. 2003)(calling DirecTV's position "illogical")

and *DirecTV v. Beecher*, 2003 WL 23094715 *3 (S.D.Ind. Nov. 7, 2003)(calling

DirecTV's position "an obvious and critical distortion of the statutory language").[5]

Accordingly, since DirecTV has not produced, and cannot produce, any evidence

that defendant actually intercepted a signal or otherwise used the subject device in an

unlawful manner, defendant cannot be sued under section 2520. Count III of the

complaint therefore fails to state a claim upon which relief can be granted, and summary

judgment must be awarded to defendant on said count.

---

[5] The *Beecher* decision resulted in the dismissal of all section 2512 claims asserted in 16 "cookie-cutter"
lawsuits brought by DirecTV in the Southern District of Indiana, which cases had been consolidated for
purposes of a motion to dismiss.

## IV.  AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT VIOLATED 47 U.S.C. §605(e)(4).

In Count IV of its complaint, plaintiff alleges that defendant "knowingly manufactured, assembled, or modified" an unlawful device in violation of 47 U.S.C. §605(e)(4).  Defendant had no reason to engage in any such activity, denies doing so, plaintiff admits it never observed such activity, and plaintiff has no other evidence to support the allegation.  *See* discussion at pp. 3- 8, *supra.*  Accordingly, plaintiff will not be able to carry its burden of proof on this claim at trial, and defendant is entitled to summary judgment.

## V.  AS A MATTER OF LAW, PLAINTIFF CANNOT CARRY ITS BURDEN OF PROVING THAT DEFENDANT CONVERTED PLAINTIFF'S SIGNAL.

Count V of the complaint sets forth a common law count for civil conversion under Connecticut law.  Plaintiff alleges that defendant is liable in tort because he "unlawfully converted DIRECTV's property for [his] own commercial use and benefit." Complaint, ¶45.

Plaintiff's conversion claim is flawed in several ways, all fatal.  First, "[i]n Connecticut, intangible property interests have not traditionally been subject to the tort of conversion. . . "   *Hi-Ho Tower, Inc. v. Com-tronics, Inc.,* 255 Conn. 20, 44 (2000).  Second, as outlined above, plaintiff has no evidence whatsoever that defendant intercepted its signal without authorization.  And, third, even if plaintiff can establish, *arguendo,* that defendant intercepted its signal, such an act would not constitute an act of ownership over the signal.  As the Connecticut Supreme Court has stated, "[c]onversion occurs when one, without authorization, **assumes and exercises ownership** over property belonging to another, to the exclusion of the owner's rights." *Id.* at 43.

Accordingly, plaintiff is entitled to summary judgment as a matter of law on Count V of the complaint.

## **CONCLUSION**

For all the above reasons, defendant has shown that there is no genuine issue of material of fact and that he is entitled to summary judgment as a matter of law on each count of the complaint.

Respectfully submitted:

_____
Kenneth D. Quat
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
CT #24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner, P.C., P.O. Box 340890, Hartford CT 06134.

_____

Dated: 1/16/04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action 3:03CV0007-RNC |
| | ) | |
| | ) | |
| MIKE CARON et al., | ) | |
| | ) | |
| Defendant | ) | |

## AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1. I am the attorney of record for the defendant, Mike Caron, in this action.  I make this affidavit on personal knowledge.

2. Attached to this Motion for Summary Judgment are true and complete copies of the following documents:

      Exhibit A:  Plaintiff's Responses to Defendant's First Set of Requests for Admissions.

Signed and sworn to under the pains and penalties of perjury.

_____
Kenneth D. Quat

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT**

DIRECTV, Inc.,

     Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

     Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

**PLAINTIFF'S RESPONSES TO FIRST SET OF
REQUESTS FOR ADMISSIONS
OF DEFENDANT, MIKE CARON**

TO:   MIKE CARON, by and through his attorney, Kenneth D. Quat, 132 Great Road, Suite
     200, Stow, MA 01775

     NOW COMES Plaintiff, DIRECTV, Inc. ("DIRECTV"), by and through its attorneys

and, pursuant to Rule 36 of the Federal Rules of Civil Procedure Answers Defendant, Mike

Caron's, requests to admit as follows:

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

DIRECTV did not at any time observe Defendant pirating its signals.

**OBJECTION:** DIRECTV objects to this request as the terms "observe" and "pirating" are undefined and the request is therefore vague. For purposes of responding to this request, DIRECTV assumes that "observed Defendant pirating" means "visually witnessing Defendant successfully gaining unauthorized access to DIRECTV's satellite signal without payment to DIRECTV."

**RESPONSE:** Subject to and without waiving the foregoing objection, DIRECTV admits that the company has not directly seen Defendant view DIRECTV satellite programming without authorization.

### REQUEST FOR ADMISSION NO. 2:

DIRECTV did not, at any time, observe Defendant modifying or using the devices Defendant purchased as alleged in Paragraph 15 of the Complaint.

**OBJECTION:** DIRECTV objects to this request as the term "observed" is undefined and the request is therefore vague. For purposes of responding to this request, DIRECTV assumes that "observed" means "visually witnessed."

**RESPONSE:** Subject to and without waiving the foregoing objection, DIRECTV admits that the company has not directly seen Defendant modifying electronic devices for use in obtaining unauthorized access to DIRECTV satellite programming.

2

**REQUEST FOR ADMISSION NO. 3:**

DIRECTV has no evidence that Defendant possessed at any time all the DSS Hardware components which would enable him to receive DirecTV satellite programming signals whether authorized or unauthorized.

**OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.

**RESPONSE:** Subject to and without waiving the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 4:**

DIRECTV did not observe Defendant actually using the devices DIRECTV alleges Defendant purchased in Paragraph 15 of its Complaint.

**OBJECTION:** DIRECTV objects to this request as the terms "observe" and "actually using" are undefined and the request is therefore vague. For purposes of responding to this request, DIRECTV assumes that "observe Defendant actually using" means "visually witness Defendant use or endeavor to use." Furthermore, DIRECTV objects to this request as unduly burdensome in that the request was already made (see Requests for Admission No. 1 and No. 2).

**RESPONSE:** Subject to and without waiving the foregoing objection, DIRECTV admits that the company has not directly seen Defendant obtaining unauthorized access to DIRECTV satellite programming.

**REQUEST FOR ADMISSION NO. 5:**

DIRECTV does not specifically know what, if any, satellite programming signals or programs Defendant received without paying DIRECTV therefore.

**RESPONSE:** Denied, as Defendant would receive every channel available when using an illegitimate access device.

**REQUEST FOR ADMISSION NO. 6:**

In order to receive and view DIRECTV'S satellite programming signals whether authorized or not, Defendant must have had at the time of the alleged illegal interception(s) DSS Hardware consisting of a satellite dish, a satellite receiver and an access card.

**RESPONSE:** Admitted that Defendant would need access to a satellite dish, integrated receiver/decoder and access card to view DIRECTV satellite programming; otherwise, this request is denied.

**REQUEST FOR ADMISSION NO. 7:**

In order to receive and view DIRECTV'S satellite signals without authorization, Defendant must have had at the time of the alleged illegal interception(s) an illegally modified Access Card complete with programming necessary to illegally decrypt DIRECTV'S satellite programming signals.

**RESPONSE:** To the extent Defendant was not using DIRECTV satellite programming for commercial purposes, admitted; otherwise, this request is denied.

**REQUEST FOR ADMISSION NO. 8:**

DIRECTV has no evidence that Defendant purchased, possessed, or created at any time an illegally modified Access Card as alleged in Paragraph 15 of the Complaint.

**OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.

**RESPONSE:** Subject to and without waiving the foregoing objection, denied.

4

**REQUEST FOR ADMISSION NO. 9:**

DIRECTV has no evidence that Defendant ever possessed, manufactured or created any computer programs or scripts capable of being used to illegally intercept DIRECTV'S satellite programming signals.

**OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.

**RESPONSE:** Subject to and without waiving the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 10:**

DIRECTV has no evidence that Defendant assisted third persons in receiving DIRECTV satellite transmissions.

**OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.

**RESPONSE:** Subject to and without waiving the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 11:**

DIRECTV has no evidence that Defendant ever modified or bypassed the programming contained in an Access Card in order to view DIRECTV'S satellite programming signals.

**OBJECTION:** DIRECTV objects to this request as vague in that the term "evidence" is undefined. For purposes of responding to this request, DIRECTV assumes that "evidence" is not limited to direct evidence or knowledge of a particular event, but includes indirect and circumstantial evidence.

**RESPONSE:**  Subject to and without waiving the foregoing objection, denied.

**REQUEST FOR ADMISSION NO. 12:**

The "Terminator Unlooper" referenced in paragraph 15 of the complaint has other uses beside unauthorized reception of DIRECTV'S satellite programming signals.

**OBJECTION:** DIRECTV objects to this request as it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence given the allegations that Defendant used the devices purchased to gain unauthorized access to DIRECTV satellite programming. Obviously, the device in question could be used in ways unrelated to its designed function such as acting as a paperweight or door stop; however, the device is primarily designed and marketed for use in gaining unauthorized access to DIRECTV satellite programming.

**RESPONSE:** Subject to and without waiving the foregoing, DIRECTV admits that the devices can be used for purposes other than to gain unauthorized access to DIRECTV satellite programming.

**REQUEST FOR ADMISSION NO. 13:**

Other than allegedly ordering and receiving the "Terminator Unlooper," DIRECTV'S basis for bringing this action does not involve any other actions by Defendant of which DIRECTV had evidence at the time of the filing of this action.

**RESPONSE:** Denied.

Respectfully Submitted,
PLAINTIFF,

By _____
    Matthew D. Gordon
    SKELLEY ROTTNER P.C.
    433 S. Main Street, Suite 305
    West Hartford, CT 06110
    Tel. 860-561-7077
    Fax 860-561-7088
    Fed. Bar. No. ct02355

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel of record and pro se parties on June 24, 2003:
25

Kenneth D. Quat, Esq.
132 Great Road, Suite 200
Stow, MA 01775
978-823-0620
978-823-0621 (fax)
*For defendant, Mike Caron*

Stephen R. Ketaineck, Esq.
140 Captain Thomas Boulevard
P.O. Box 428
West Haven, CT 06516
203-932-2225
203-934-4834 (fax)

_____
Matthew D. Gordon

SR/208115

8