UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 19 A 11: 20

U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, Inc,

      Plaintiff,

v.

MIKE CARON et al.,
      Defendant

CIVIL ACTION 3:03CV0007-RNC

## MOTION OF MIKE CARON TO STRIKE AFFIDAVIT OF BILL GATLIFF AND EXPERT REPORTS OF BILL GATLIFF AND MICHAEL BARR, AND FOR SANCTIONS

COMES NOW Mike Caron, defendant in this action, and moves that the affidavit of Bill Gatliff submitted by plaintiff in opposition to defendant's motion for summary judgment be stricken, along with the 3 exhibits appended thereto. Defendant further moves for an appropriate award of monetary and trial sanctions against plaintiff due to its flagrant disregard of discovery procedures and orders issued by the Court in this case.

### Introduction

In this action, plaintiff is attempting to recover damages for defendant's alleged unlawful interception of plaintiff's satellite broadcasting signal. By its own admission, plaintiff does not now have, and did not have at the time of the filing of the complaint,

**ORAL ARGUMENT REQUESTED**

any direct evidence of such interception. Instead, plaintiff's complaint is predicated solely upon evidence that defendant purchased a device which could be used to facilitate unlawful interception. *See* Complaint, paragraph 7.

The Gatliff affidavit purports to establish a foundation for 3 "expert reports" which are "incorporated into this affidavit by reference." The reports address the design and function of the device purchased by defendant which gave rise to this lawsuit. Two of the reports purport to have been prepared by Mr. Gatliff himself, while the third appears to have been prepared by a "Michael Barr."

## I. BECAUSE NEITHER GATLIFF NOR ANY OF THE EXPERT REPORTS WERE DISCLOSED TO DEFENDANT, FED.R.CIV.P. 37(c)(1) REQUIRES EXCLUSION OF THE AFFIDAVIT AND REPORTS FOR PURPOSES OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Neither the identity of Mr. Gatliff nor the so-called "expert reports" were disclosed to plaintiff during the course of this litigation. Gatliff was not disclosed as a potential witness in plaintiff's mandatory disclosures pursuant to Rule 26(a)(1) (Exhibit A), or in its answer to defendant's interrogatory seeking the identities of all individuals "known by you or your attorneys to possess knowledge of the facts relating to the allegations in the Complaint." Exhibit B. Plaintiff has never supplemented its disclosures or interrogatory answers. Affidavit of Kenneth D. Quat (Exhibit C). In addition, Gatliff's reports were not disclosed as part of plaintiff's mandatory disclosures (Exhibit A) or in response to defendant's Rule 34 request for documents. Exhibit D.[1] Again, neither the disclosures or responses were ever supplemented by plaintiff. Exhibit

---

[1] A number of defendant's specific Rule 34 requests were designed to elicit, and should have prompted plaintiff to produce, the expert reports, including Request Number 15, which asked for "Any and all expert reports DIRECTV intends to use at trial to support any and all claims in its Complaint against Defendant." It should also be noted that while many of plaintiff's responses to defendant's document request refer to documents provided to defendant in CD-ROM form, neither of the 2 CD-ROMs furnished by plaintiff contain the Gatliff reports or indeed any mention of Gatliff. Exhibit C. Defendant's counsel would be glad to make said CD-ROMs available for inspection by the Court should any dispute arise as to their contents.

2

C. By this Court's order of April 17, 2003, discovery closed on October 31, 2003 (the time for the taking of defendant's deposition only was extended by agreement through December 31, 2003), and plaintiff's expert reports were to be disclosed to defendant no later than September 1, 2003.[2]

> Fed. R. Civ. P. 37(c)(1) states in pertinent part as follows:
>
>> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In accordance with the plain language of the Rule, the directive to exclude witnesses and information not properly disclosed is "mandatory and self-executing." *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001). *See, Lamarca v. United States,* 31 F.Supp.2d 110, 122 (E.D.N.Y. 1998)(exclusion mandated by Rule 37(c)(1) is an "automatic sanction"). It applies with "equal force" to motions for summary judgment as it does to hearings and trials. *Lohnes, supra,* 272 F.3d at 59.

Under these circumstances, exclusion of the affidavit and reports is required. As the Rule recites, an exception may only be made where the failure to disclose was with "substantial justification," or the failure was harmless. Neither of these criteria is satisfied here. First, at least as of the date of the filing of the complaint (January 2, 2003), plaintiff already had a basis for the technical information set forth in the Gatliff reports (if it did not have a basis, then the complaint was filed in violation of Rule 11). As the complaint states:

---

[2] It should also be noted that the Court specifically ordered that "[t]he requirement of a signed report applies to all expert witnesses whether or not the witness has been specifically retained to provide expert testimony in the case."

3

> The programmer is primarily designed to permit the illegal programming of valid DIRECTV Access Card for the sole purpose of obtaining oaccess to DIRECTV satellite programming without paying DIRECTV. The Terminator Unlooper is designed to repair Access Cards that had been rendered unusable by illegitimate use and was specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access devices.

Despite this, and despite the fact that the reports were completed in August, September, and December, 2003, respectively, neither the reports nor the identity of Mr. Gatliff himself were disclosed to defendant until well after discovery had closed and after he had moved for summary judgment. Under such circumstances, plaintiff's omission cannot be deemed "substantially justified" as a matter of law. And, second, plaintiff's failure to disclose can hardly be deemed harmless. As the Court declared in *Lohnes,* where plaintiff submitted an expert affidavit in opposition to a summary judgment motion 3 months after the close of discovery:

> The appellant's failure to unveil his expert until after [defendant] had moved for summary judgment deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery. This is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate.

*Lohnes, supra,* 272 F.3d at 60. There can be little doubt, therefore, that it would be contrary to both the letter and spirit of Rule 37(c)(1) for the Court to countenance this "sneak attack" perpetrated by plaintiff 6 months past the deadline for disclosing expert reports and nearly 5 months after the close of all discovery. The Gatliff affidavit and all reports must consequently be stricken. *Id.*

## II. THE AFFIDAVIT AND THE REPORTS FAIL TO COMPORT WITH THE REQUIREMENTS OF FED.R.CIV.P. 26(a)(2)(B) AND THUS MUST BE EXCLUDED FROM CONSIDERATION ON SUMMARY JUDGMENT.

Fed.R.Civ.P. 26(a)(2)(B) provides in relevant part:

> The [expert] report *shall* contain . . . the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

(emphasis added). Plainly, the Gatliff affidavit and the accompanying reports do not contain *any* of this required information. Indeed, the only statement in any of the papers which even arguably addresses the requirements of the Rule is Gatliff's averment that he is "an electrical engineer with a formal background in computer science and a decade of programming, teaching and business experience." This general, self-serving description, standing alone, does not even satisfy the Rule's mandate of providing the "qualifications of the witness." Moreover, this single statement certainly cannot support a finding that Gatliff possesses the necessary expertise to offer expert testimony: in order to pass muster on summary judgment, an expert affidavit "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Accordingly, the affidavit and reports should be stricken and excluded from consideration on summary judgment.[3]

---

[3] With respect to the report compiled by Michael Barr, defendant notes that there is absolutely no information provided in any form about this so-called "expert" which even begins to address the disclosure requirements of Rule 26(a)(2)(B).

5

### III. ADDITIONAL SANCTIONS, INCLUDING AN AWARD OF FEES AND EXPENSES, ARE APPROPRIATE.

Rule 37(c)(1) provides that, in addition to prohibiting the use of the undisclosed information, the Court "may impose other appropriate sanctions," including "payment of reasonable expenses, including attorney's fees, caused by the failure," and "any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)." In this case, the blatant disregard which plaintiff has shown for the rules of evidence and civil procedure is serious, intentional, and part of a larger pattern of misconduct, thus warranting the imposition of additional sanctions. Defendant therefore requests that plaintiff be ordered to pay defendant's expenses and fees incurred as a result of having to bring the instant motion. *See*, e.g., *Simon v. Safelite Glass Corp.*, 943 F.Supp. 261, 270 (E.D.N.Y. 1996)(monetary sanction for failure to disclose relevant documents found "entirely appropriate"). In addition, in the event summary judgment does not enter for defendant, defendant requests that Bill Gatliff be barred from testifying at trial and that none of the three expert reports be allowed into evidence at trial, all as dictated by Fed.R.Civ.P. 37(c)(1).

### CONCLUSION

For all the above reasons, defendant Mike Caron respectfully requests that the affidavit of Bill Gatliff and the expert reports of Bill Gatliff and Michael Barr be stricken and excluded from consideration on defendant's motion for summary judgment. Defendant further moves for an award of reasonable fees and expenses necessitated by this motion, for an order that the witness be barred from testifying at trial, and for an order that the exhibits not be admissible at trial.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512


Connecticut address pursuant to Local Rule 83.1(c):

> Mirto, Ketaineck, Barrett & DiCrosta, P.C.
> P.O. Box 428
> West Haven CT 06516


Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

_____

Dated: 3/17/04