

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DIRECTV, INC.,                          )
                                        )
            Plaintiff                   )
                                        )
v.                                      )          Civil Action 3:03CV0007-RNC
                                        )
                                        )
MIKE CARON et al.,                      )
                                        )
            Defendant                   )


## AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1.  I am the attorney of record for the defendant, Mike Caron, in this action.  I make this

affidavit on personal knowledge.

2.  In the course of this action I have not received from plaintiff's counsel any

supplementation to plaintiff's initial disclosures, plaintiff's interrogatory answers, or

plaintiff's responses to defendant's request for production of documents.


Signed and sworn to under the pains and penalties of perjury.

_____

Kenneth D. Quat

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

Then personally appeared before me Kenneth D. Quat and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

Notary Public  STEPHEN G. MELTZER

M.C.E.  10/13/2006

Dated:  March 16 2004

2



**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT**

DIRECTV, Inc.,

      Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

      Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

**PLAINTIFF'S RESPONSES TO FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS OF DEFENDANT, MIKE CARON**

TO:    MIKE CARON, by and through his attorney, Kenneth D. Quat, 132 Great Road, Suite 200,
Stow, MA  01775

      DIRECTV, INC., ("DIRECTV") Plaintiff in the above-entitled and numbered cause, and

pursuant to the Federal Rules of Civil Procedure, serves the following Responses and Objections

to Defendant Mike Caron's First Request for Production of Documents.

**I. GENERAL OBJECTIONS**

      1.    The answers to these discovery requests are based on information available to

DIRECTV at this time and are made on the basis of DIRECTV's current knowledge and belief,

after reasonable inquiry.  There may be additional facts and/or documents affecting DIRECTV's responses of which DIRECTV is currently unaware, despite reasonable investigation and inquiry. DIRECTV reserves the right to modify its responses with such relevant information it may subsequently discover.  DIRECTV's responses are made without prejudice to using or relying on subsequently discovered information or documents at trial that are omitted from these responses as the result of a good faith oversight, error or mistake.

2.    DIRECTV objects to these discovery requests to the extent that they purport to seek materials and information protected by the attorney/client privilege, attorney-work product doctrine, consulting expert privilege, or other confidential or privileged communications.

3.    DIRECTV objects to providing documents and information responsive to Defendant's discovery requests to the extent such requests would require an invasion of the personal, constitutional and property rights of DIRECTV.

4.    DIRECTV objects to Defendant's discovery requests to the extent they impose requirements, obligations and duties not prescribed by the Federal Rules of Civil Procedure and/or seeks information which is privileged and/or exempt from discovery.  DIRECTV objects to creating lists describing information or documents which are irrelevant to this matter and reproducing documents which are already in the custody or control of Defendants.  Consequently, such a request is overly broad, unduly burdensome, harassing, and goes beyond the requirements

of the Federal Rules of Civil Procedure.

5.     DIRECTV objects to Defendant's discovery requests to the extent they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.     DIRECTV objects to these discovery requests to the extent they purport to require DIRECTV to search for and produce documents that may be in the possession of other persons.

7.     DIRECTV objects to these discovery requests to the extent that compliance with the same would be burdensome, impose an extreme hardship on it, or would result in the expenditure of unnecessary time and resources.

8.     DIRECTV objects to the disclosure of information falling within any of the foregoing general objections or the specific objections set forth below, and in the event any information falling within one or more of these objections is disclosed in these responses, the disclosure is inadvertent and shall not constitute a waiver of the objection.

9.     Without waiving its objections, DIRECTV may offer responses which provide Defendant's with the information that it might have been able to obtain by discovery had it submitted appropriate and proper discovery requests.  By this voluntary response, DIRECTV neither waives its objections to such discovery requests, nor limits its right to produce other relevant information or facts at trial.

10.    DIRECTV has made reasonable efforts to locate and produce information responsive to the requests for production, as it understands and reasonably interprets them.  If Defendant's subsequently asserts an interpretation which differs from that which DIRECTV made, DIRECTV reserves its right to supplement or amend the responses and objections accordingly.

11.    Documents that are produced in response to this discovery request, if any, will be made available for inspection and copying at a mutually agreeable date and time.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegations(s) in Paragraph 15 of the Complaint.

**OBJECTION:**  DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege.  DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, see documents produced with DIRECTV's Initial Disclosures provided to Defendant Caron.  Additionally, DIRECTV will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.

**REQUEST FOR PRODUCTION NO. 2:**  Any and all documents or other recorded material in

4

any format whatsoever supporting DIRECTV'S allegations in Paragraph 22 of the Complaint.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, DIRECTV will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.

**REQUEST FOR PRODUCTION NO. 3:** Any and all documents or other recorded materials in any format whatsoever supporting DIRECTV'S allegation(s) in Paragraph 23 of the Complaint.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

5

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron.

**REQUEST FOR PRODUCTION NO. 4:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegations(s) in Paragraph 24 of the Complaint.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 5:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant possessed at any time all the DSS Hardware to enable him to receive DIRECTV satellite programming authorized or

6

unauthorized.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 6:** Any and all documents or other recorded material in any format whatsoever supporting or indicating that Defendant ever possessed a DIRECTV Access Card.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection

7

with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.  See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 7:**  Any and all documents or other recorded material in any format whatsoever supporting or indicating that Defendant purchased an illegally modified DIRECTV Access Card.

**OBJECTION:**  DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege.  DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, DIRECTV will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.  See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 8:**  Any and all documents or other recorded material in any format whatsoever supporting or indicating that Defendant used an illegally modified DIRECTV Access Card.

8

**OBJECTION:** For purposes of responding to this request, the term "illegally modified DIRECTV Access Card" refers to any valid DIRECTV Access Card used in an unauthorized manner or altered to enable the user to access unauthorized programming.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, DIRECTV will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 9:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant violated 47 U.S.C. §605(a) as alleged in the Complaint.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

9

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant violated 18 U.S.C. 2511.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 11:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant violated 18 U.S.C. 2512.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant violated 47 U.S.C. §605(e)(4).

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.  See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 13:**  Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that DIRECTV suffered damages directly related to Defendant's acts as alleged in the Complaint.

**OBJECTION:**  DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege.  DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.  See also the damages description in DIRECTV's Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 14:** Any and all documents or other recorded material in any format whatsoever supporting DIRECTV'S allegation(s) that Defendant manufactured, assembled, distributed or sold any Pirate Access Devices.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 15:** Any and all expert reports DIRECTV intends to use at trial to support any and all claims in its Complaint against Defendant.

**OBJECTION:** DIRECTV objects to this request as it seeks to invade the attorney-client, work product, and consulting expert privileges.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also expert disclosures with DIRECTV's Initial Disclosures provided to Defendant Caron, and supplements thereto.

13

**REQUEST FOR PRODUCTION NO. 16:**  Any and all technical journals, manuals, reports or other documents not prepared by an expert that DIRECTV intends to submit into evidence to support any and all claims in its Complaint against Defendant.

**OBJECTION:**  DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege.  DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:**  Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment.  See also expert disclosures with DIRECTV's Initial Disclosures provided to Defendant Caron, and supplements thereto.

**REQUEST FOR PRODUCTION NO. 17:**  Any and all items, devices, programmers, cards, or other similar devices that DIRECTV intends to offer into evidence and/or use as demonstrative exhibits to support its claims against Defendant.

**OBJECTION:** DIRECTV objects to this as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege.  DIRECTV further objects to this request as it necessarily seeks to obtain information

14

contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct.

DIRECTV also objects to this request as it is overly broad and unduly burdensome.

DIRECTV also objects to this request as it neither identifies what items Defendant seeks to inspect with reasonable particularity, nor does it specify a reasonable time, place or manner for the inspection.

**RESPONSE:** Subject to and without waiving the foregoing objections, DIRECTV has not determined which, if any, items it will introduce at trial. However, DIRECTV may introduce any and all documents produced or made available to Defendant herein or through DIRECTV's initial disclosures.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents or other recorded material in any format whatsoever showing whether Defendant ever had a subscription to DIRECTV'S satellite programming service.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct and those claims arising from the conduct of others.

DIRECTV objects to this request as overly broad, unduly burdensome and goes beyond the requirements of the Federal Rules of Civil Procedure.

**RESPONSE:** Subject to and without waiving the foregoing objections and limitations set forth above, will produce non-privileged and responsive documents on CD ROM form or in hard copy form at Defendant's request and payment. See also Initial Disclosures provided to Defendant Caron, and supplements thereto.

Respectfully Submitted,
PLAINTIFF,

By _____
Matthew D. Gordon
SKELLEY ROTTNER P.C.
433 S. Main Street, Suite 305
West Hartford, CT 06110
Tel. 860-561-7077
Fax 860-561-7088
Fed. Bar. No. ct02355

Dated this 25th day of June, 2003.

16