Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

v.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

## PLAINTIFF'S INITIAL DISCLOSURES

Now comes DIRECTV, Inc. ("DIRECTV"), plaintiff in the above-styled action, and provides the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, as follows:

(A) Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, DIRECTV discloses the name and, if known, the address and telephone number of each person likely to have information that bears significantly on any claim or defense, identifying the subjects of the information, and a brief, fair summary of the substance of the information known by the person:

**See Attachment A regarding Fulfillment Plus information.**

(B) Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, DIRECTV provides copies or a description of the following documents, data compilations, and tangible things in the possession, custody or control of the party that are likely to bear significantly on any claim or defense:

**See Attachment B for copies of Fulfillment Plus computer form and invoice documents related to defendants to this action, provided herewith.**

**Additionally, DIRECTV has in its possession and control DIRECTV account information, including Show Subscriber information, DSS Access Card information, Show Service History, Billing Ledger, Customer Service Comments, and Show Pay-Per-View information for defendants. DIRECTV also has in its possession and control website prints, deposition materials, and other information related to this matter which will be produced in hard copy form or on computer disk at defendants' cost and request.**

(C) Pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, DIRECTV provides the following computation of any category of damages claimed by DIRECTV, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of the injuries suffered:

For each defendant, DIRECTV intends to request an award of statutory damages between $1,000 and $10,000 per violation of 47 U.S.C. § 605(a) and an award of statutory damages between $10,000 and $100,000 per violation of 47 U.S.C. § 605(e)(4) as provided for by 47 U.S.C. § 605(e)(3).

For each defendant, DIRECTV intends to request an award of statutory damages of whichever is the greater of $100 a day for each day of violation of 18 U.S.C. § 2511 or 2512 or $10,000 as provided by 18 U.S.C. §2520(c)(2)(B).

For each defendant, DIRECTV intends to request an award of statutory damages of $10,000 for each violation of Chapter 123 of the Texas Civil Practices and Remedies Code.

In relation to actual damages to DIRECTV, DIRECTV may base compensatory damages upon viewing habits of users of signal theft devices and prices for DIRECTV subscription services. DIRECTV offers several subscription packages ranging in price from $21.99 per month for Select Choice to $82.99 per month for Total Choice Platinum. In addition, DIRECTV offers specialty packages including sports and pay-per-view events, ranging in price between $49.00 and $169.00. Lastly, DIRECTV offers a variety of pay-per-view events including approximately 50 movies every day and sporting events, ranging in price from $3.99 per movie to $10.99 for Adult Programs and as much as $49.00 for special

sporting events. Based upon the viewing habits of DIRECTV subscribers, the company estimates that it loses $204.56 per month for each pirate access device.

Additionally, DIRECTV seeks punitive damages, and reasonable attorney's fees and costs associated with the prosecution of this case as permitted by statute.

(D) Pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure, DIRECTV discloses for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy any part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

**Not applicable.**

(E) Pursuant to Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure, DIRECTV discloses the identity of any person whom may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Evidence, including a written report furnished by retained or specially employed experts:

See Attachment C for a list of individuals whose testimony may extend into the area covered by Rules 702, 703 or 705 of the Federal Rules of Evidence.

Respectfully Submitted,
PLAINTIFF, DIRECTV, Inc.

By _____
Matthew D. Gordon
Skelley Rottner P.C.
433 S. Main Street, Suite 305
West Hartford, CT 06110
Tel. 860-561-7077
Fax 860-561-7088
Fed. Bar. No. ct02355

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel of record and pro se parties on June 25, 2003:

Kenneth D. Quat, Esq.
132 Great Road, Suite 200
Stow, MA 01775
978-823-0620
978-823-0621 (fax)
*For defendant, Mike Caron*

Stephen R. Ketaineck, Esq.
140 Captain Thomas Boulevard
P.O. Box 428
West Haven, CT 06516
203-932-2225
203-934-4834 (fax)

_____
Matthew D. Gordon

Dated this day 25th of June, 2003.

## ATTACHMENT A

The following individuals and entities have knowledge concerning the design, distribution and use of pirate access devices, creation of Fulfillment Plus business records and, creation of and investigation into documents related to items purchased by defendants. These entities or individuals include, but are not limited to, the following:

Scott Madvig
c/o Kevin Hizon, Law Offices of Curtis C. Chen & Assoc.
7777 Center Ave., Suite 560
Huntington Beach, CA 92647

Bruce Turner
c/o Karl Huish
Huish, Campbell
4647 N. 32nd Street, Suite 201
Phoenix, AZ 85018

Scott McNeal
McNeal Investigations
30011 Ivy Glenn, Suite 114
Laguna Niguel, CA 92677

Steven P. Hutt
c/o Charles Wagman
Wagman Sherkin
756A Queen Street East, Suite 200
Toronto, Ontario, M4M 1H4

James E. Wells
DIRECTV, Inc.
c/o Greer, Herz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200

## ATTACHMENT A (pg. 2)

Derek Trone
c/o Anne Marie Healy
Law Office of Anne Marie Healy
1108 West 5th Street
Santa Ana, CA 92703

Art J. Deery
c/o Robert G. Riffner
Riffner, Barber, Scott & Stephanowichz
1920 North Thoreau Drive, Suite 100
Schaumburg, IL. 60173
(847) 303-0107

Daniel S. Deery
c/o Caryn Brottman Sanders
26074 Avenue Hall, Suite 15
Valencia, CA 91355
(661) 775-9296

Jerad Forcier
c/o Stephan J. Johnson
Attorney at Law
9333 Baseline Rd., Suite 250
Rancho Cucamonga, CA 91730

The following individuals are named defendants in this lawsuit having information related to the purchase of devices designed for the surreptitious and unauthorized access to and use of DIRECTV satellite programming:

Mike Caron
Chip Falcone
Mike Iasevoli
Michael Mastro, Jr.
Hector Montalvo
George Morgan

Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

## PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES OF DEFENDANT, MIKE CARON

TO:   MIKE CARON, by and through his attorney, Kenneth D. Quat, 132 Great Road, Suite 200, Stow, MA 01775

NOW COMES Plaintiff, DIRECTV, Inc. ("DIRECTV"), by and through its attorneys and, pursuant to Federal Rules of Civil Procedure, files this, its Objections, Answers, and Responses to Defendant, Mike Caron's, First Set of Interrogatories:

## III. OBJECTIONS & RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, residential address, business address, and official position of the person answering these interrogatories and each person who provided information or otherwise assisted in answering these interrogatories.

**OBJECTION:** DIRECTV objects to this request as it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence given the allegations in this case.

**RESPONSE:** Subject to and without waiving the foregoing objection:

> James E. Wells
> Office of Signal Integrity
> DIRECTV, Inc.
> c/o Mathew D. Gordon, Esquire
> Skelley Rottner, P.C.
> P. O. Box 340890
> Hartford, Connecticut 06134-0890

**INTERROGATORY NO. 2:** State the full name, and present business and residence addresses and telephone numbers of each individual known by you or your attorneys to possess knowledge of the facts relating to the allegations in the Complaint, and state the subject matter and brief summary of the matters on which he or she has knowledge.

**OBJECTION:** DIRECTV objects to this interrogatory as it seeks to invade the attorney-client, work product and consulting expert privileges.

**RESPONSE:** Subject to and without waiving the foregoing objections:

Scott McNeal
McNeal Investigations
30011 Ivy Glenn, Suite 114
Laguna Niguel, CA 92677

Defendant McNeal has knowledge regarding his investigations of the distribution center and dealers of the satellite signal theft devices purchased and used by the defendant in this action.

James E. Wells
Office of Signal Integrity
DIRECTV, Inc.
c/o Mathew D. Gordon, Esquire
Skelley Rottner, P.C.
P. O. Box 340890
Hartford, Connecticut 06134-0890

Mr. Wells has knowledge regarding DIRECTV, piracy of DIRECTV's encrypted satellite signals, and harm to DIRECTV caused by satellite piracy.

Scott Madvig
c/o Kevin Hizon, Law Offices of Curtis C. Chen & Assoc.
7777 Center Ave., Suite 560
Huntington Beach, CA 92647

Mr. Madvig has knowledge regarding the distribution of satellite signal theft devices to the defendant in this action;

Bruce Turner
c/o Karl Huish
Huish, Campbell
4647 N. 32nd Street, Suite 201
Phoenix, AZ 85018

Mr. Turner has knowledge regarding the sale of the satellite signal theft devices to the defendant in this action and to the design and intent of the devices;

Steven P. Hutt
c/o Charles Wagman
Wagman, Sherkin
756 A Queen Street East, Suite 200
Toronto, Ontario M4M1H4

Mr. Hutt has knowledge regarding the sale of the satellite signal theft devices to the defendant in this action and to the design and intent of the devices;

Derek Trone
c/o Anne Marie Healy
Law Office of Anne Marie Healy
1108 West 5th Street
Santa Ana, CA 92703

Mr. Trone has knowledge regarding the sale of the satellite signal theft devices to the defendant in this action and to the design and intent of the devices;

**INTERROGATORY NO. 3:** Identify with specificity all documents relating to or supporting your allegations in the Complaint, along with the custodian of those documents, including the full name of the custodian, address and phone number.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct.

## VERIFICATION

DIRECTV, INC.

By: _____
James E. Wells
Its: DIRECTOR

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BEFORE ME, the undersigned authority, on this day personally appeared James E. Wells, Director of DIRECTV, INC., who, after having been duly sworn, stated that the above and foregoing answers to interrogatories are true and correct.

SWORN TO AND SUBSCRIBED before me by said James E. Wells on this 23 day of June, 2003 to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC in and for
the State of California

Debbie A Fletcher
Print Name

November 7, 2003
Commission Expires

DEBBIE A. FLETCHER
Commission # 1241229
Notary Public - California
Los Angeles County
My Comm. Expires Nov 7, 2003

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>MIKE CARON et al., )<br>)<br>Defendant ) | Civil Action 3:03CV0007-RNC |

## AFFIDAVIT OF KENNETH D. QUAT, ESQUIRE

I, Kenneth D. Quat, Esquire, hereby depose and state on oath:

1. I am the attorney of record for the defendant, Mike Caron, in this action. I make this affidavit on personal knowledge.

2. In the course of this action I have not received from plaintiff's counsel any supplementation to plaintiff's initial disclosures, plaintiff's interrogatory answers, or plaintiff's responses to defendant's request for production of documents.

Signed and sworn to under the pains and penalties of perjury.

_____
Kenneth D. Quat

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

 Then personally appeared before me Kenneth D. Quat and made oath that the matters contained in the foregoing affidavit are true and correct and that he signed same as his free act and deed.

            Notary Public  STEPHEN G. MELTZER
            M.C.E.  10/13/2006

           Dated: March 16, 2004

2