UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 18  A 11: 21
U.S. DISTRICT COURT
HARTFORD, CT.

DIRECTV, Inc,

      Plaintiff,

v.

MIKE CARON et al.,
      Defendant

CIVIL ACTION 3:03CV0007-RNC

## MOTION OF MIKE CARON TO STRIKE AFFIDAVIT OF LACEY WALKER, JR. AND EXHIBITS, AND FOR SANCTIONS

COMES NOW Mike Caron, defendant in this action, and moves that the affidavit of Lacey Walker, Jr. submitted by plaintiff in opposition to defendant's motion for summary judgment be stricken, along with both exhibits attached thereto. Defendant further moves for an appropriate award of monetary and trial sanctions against plaintiff due to its flagrant disregard of the discovery rules as well as orders issued by the Court in this case.

### Introduction

In this action, plaintiff is attempting to recover damages for defendant's alleged unlawful interception of plaintiff's satellite broadcasting signal. By its own admission,

**ORAL ARGUMENT REQUESTED**

plaintiff does not now have, and did not have at the time of the filing of the complaint, any direct evidence of such interception. Instead, plaintiff's complaint is predicated solely upon evidence that defendant purchased a device which plaintiff contends could be used to facilitate unlawful interception. *See* Complaint, paragraph 7.

Through the Walker affidavit, plaintiff attempts to put certain documents before the Court that purport to show certain e-mail communications by defendant, as well as information pertaining to a particular website  For the following reasons, the affidavit and exhibits must be stricken and not considered in connection with defendant's motion for summary judgment.

## I. BECAUSE NEITHER WALKER NOR THE EXHIBITS WERE DISCLOSED TO DEFENDANT, FED.R.CIV.P. 37(c)(1) REQUIRES EXCLUSION OF THE AFFIDAVIT AND EXHIBITS FOR PURPOSES OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Walker was not disclosed as a potential witness either in plaintiff's mandatory disclosures pursuant to Rule 26(a)(1) (Exhibit A), or in its answer to defendant's interrogatory seeking the identities of all individuals "known by you or your attorneys to possess knowledge of the facts relating to the allegations in the Complaint." Exhibit B. Plaintiff has never supplemented its disclosures or interrogatory answers. Affidavit of Kenneth D. Quat (Exhibit C). In addition, the two exhibits attached to the affidavit were not disclosed as part of plaintiff's mandatory disclosures (Exhibit A) or in response to defendant's Rule 34 request for documents. Exhibit D.[1]  Again, neither the disclosures or responses were ever supplemented by plaintiff. Exhibit C.  By this Court's order of

---

[1] Most of defendant's specific Rule 34 requests should have resulted in the production of the records which plaintiff now attempts to have considered.  For example, defendant requested "Any and all documents or other recorded material in any format whatsoever supporting DIRECTV's allegation(s)" as to each of the material allegations of the complaint. Requests Numbers 1 – 4 and 9 – 12. Also, in Requests Numbers 6 – 8 defendant asked plaintiff to produce all documents having to do with defendant's alleged purchase, use, and modification of a DIRECTV Access Card.

2

April 17, 2003, discovery closed on October 31, 2003 (the time for the taking of defendant's deposition only was extended by agreement through December 31, 2003).

Fed. R. Civ. P. 37(c)(1) states in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In accordance with the plain language of the Rule, the directive to exclude witnesses and information not properly disclosed is "mandatory and self-executing." *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 59 (1st Cir. 2001). *See, Lamarca v. United States*, 31 F.Supp.2d 110, 122 (E.D.N.Y. 1998)(exclusion mandated by Rule 37(c)(1) is an "automatic sanction"). It applies with "equal force" to motions for summary judgment as it does to hearings and trials. *Lohnes, supra*, 272 F.3d at 59.

Exclusion of the Walker affidavit and exhibits is required under the circumstances present here. As the Rule recites, exclusion is a blanket proscription, the only exception being where the failure to disclose was with "substantial justification," or the failure was harmless. Neither of these factors exists here. First, the affidavit essentially details certain activities carried out by Walker's current employer, yet Walker has admittedly worked for said employer for well over a year (since November, 2002), and the servers from which the subject emails were allegedly obtained have been available to Walker (or Walker's employer) since April, 2003. Furthermore, plaintiff cannot seriously contend that even before filing the complaint it was not aware of the existence of websites

3

frequented by "satellite pirates."[2]  Under these circumstances, plaintiff's failure to disclose the identity of Walker and the documents in question until nearly 5 months after the close of discovery cannot be deemed "substantially justified" as a matter of law. And, second, plaintiff's failure to disclose can hardly be deemed harmless.  As the Court declared in *Lohnes*, where plaintiff submitted an expert affidavit in opposition to a summary judgment motion 3 months after the close of discovery:

> The appellant's failure to unveil his expert until after [defendant] had moved for summary judgment deprived [defendant] of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery.  This is exactly the type of unfair tactical advantage that the disclosure rules were designed to eradicate.

*Lohnes, supra,* 272 F.3d at 60.  Even though Walker does not appear to be offered as an expert, the prejudice to defendant from not being informed of the existence and identity of a key lay witness is no less grievous.  *See Klonoski v. Mahlab,* 156 F.3d 255, 269 )(1st Cir. 1998)(Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion.").  There can be little doubt, therefore, that it would be contrary to both the letter and spirit of Rule 37(c)(1) for the Court to countenance this "sneak attack" perpetrated by plaintiff, and the Walker affidavit and exhibits must consequently be stricken.  *Id.*

---

[2] For example, the affidavit of James F. Whalen, also submitted by plaintiff in opposition to defendant's motion for summary judgment, purports to have knowledge of such websites, yet Whalen has worked for plaintiff for over 4 years.

4

## II. EXHIBIT H-1 IS INADMISSIBLE IN EVIDENCE AND MUST BE EXCLUDED FROM CONSIDERATION ON SUMMARY JUDGMENT.

Exhibit H-1 purportedly consists of certain e-mail records for a person or entity using the address "major222@hotmail.com." For several reasons, this exhibit is inadmissible in evidence and therefore cannot be considered on summary judgment

First, there is no competent evidence in the affidavit or elsewhere in the record to connect the emails to the defendant. In the absence of such evidence, exhibit H-1 must be deemed irrelevant and inadmissible.

Second, the Walker affidavit fails to show that Walker was personally involved in any aspect of producing the exhibit, and indeed contains no information as to who produced it or how it was produced. All that the affidavit indicates is that Walker has been a "Project Manager" for a company known as "ICG" since November, 2002. It then sets forth a number of steps allegedly taken by "ICG" – *not Walker* - which purportedly resulted in the exhibit. The following statements are typical: (a) "ICG forensically duplicated mirror images of data contained on numerous identified web servers and/or media that were transferred to ICG" (Walker Aff., 2); (b) "ICG is able to restore exact bit-to-bit images (exact copies) of data contained on original, subject hard disk drives," (Walker Aff., 2); (c) "storage media" from certain servers "were removed locally and hand carried back to ICG's Princeton, NJ evidence facility" (Walker Aff., 2); (d) "ICG developed a keyword list that would enable us to extract pertinent data stored in the mirror image files," (Walker Aff., 3), and (e) "ICG was able to provide the search results attached hereto as Exhbit H-1," (Walker Aff., 3). Not only is it apparent that Walker himself had nothing to do with these efforts, but the affidavit is utterly silent as to the identities of the person or persons who did carry them out, as well as the actual nature of

5

Walker's duties and responsibilities, how Walker may have acquired the information, how the exhibit was compiled, and so forth. Thus, since Walker does not have personal knowledge of the document, and since he is clearly not acting in the capacity as the business custodian of the document (and in any event does not recite the custodial requirements for admission), the exhibit is pure unauthenticated hearsay which cannot be considered on summary judgment. Fed.R.Evid. 803(6); Fed.R.Civ.P. 56(e).

### III. EXHIBIT H-2 IS INADMISSIBLE IN EVIDENCE AND MUST BE EXCLUDED FROM CONSIDERATION ON SUMMARY JUDGMENT.

Exhibit H-2 purports to be "images of the historical content for www.husbc.com." Walker aff., 4. This exhibt suffers from much the same infirmities as Exhibit H-1. First, there is nothing in the exhibit, the affidavit or elsewhere in the record which connects the exhibit in any way to Mr. Caron. And, second, the affidavit reflects affirmatively that Walker does not have any personal knowledge of the exhibit and was not involved in producing it. Moreover, Walker is clearly not attempting to introduce the exhibit through the "business record" exception to the hearsay rule, since he does not state he is acting in a custodial capacity and does not recite any of the foundational requirements of Fed.R.Evid. 803(6). Accordingly, Exhibit H-2 may not be considered on summary judgment. Fed.R.Evid. 56(e).

### IV. ADDITIONAL SANCTIONS, INCLUDING AN AWARD OF FEES AND EXPENSES, ARE APPROPRIATE.

Rule 37(c)(1) provides that, in addition to prohibiting the use of the undisclosed information, the Court "may impose other appropriate sanctions," including "payment of reasonable expenses, including attorney's fees, caused by the failure," and "any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)." In this case, the blatant

disregard which plaintiff has shown for the rules of evidence and civil procedure is serious, intentional, and part of a larger pattern of misconduct, thus warranting the imposition of additional sanctions. Defendant therefore requests that plaintiff be ordered to pay defendant's expenses and fees incurred as a result of having to bring the instant motion. *See, e.g., Simon v. Safelite Glass Corp.*, 943 F.Supp. 261, 270 (E.D.N.Y. 1996)(monetary sanction for failure to disclose relevant documents found "entirely appropriate"). In addition, in the event summary judgment does not enter for defendant, defendant requests that Lacey Walker, Jr. be barred from testifying at trial and that neither exhibit be allowed into evidence at trial, all as dictated by Fed.R.Civ.P. 37(c)(1).

## CONCLUSION

For all the above reasons, defendant Mike Caron respectfully requests that the affidavit of Lacey Walker, Jr. and Exhibits H-1 and H-2 be stricken and excluded from consideration on defendant's motion for summary judgment. Defendant further moves for an award of reasonable fees and expenses associated with this motion, for an order that the witness be barred from testifying at trial, and for an order that the exhibits not be admissible at trial.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

7

## Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

Dated: 3/17/04