IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

## MEMORANDUM OF LAW IN ON HEARING IN DAMAGES
## AS TO DEFENDANT CHIP FALCONE

DIRECTV, Inc., Plaintiff in this case, provides the following information to the Court:

**1.**     **The procedural history of the case.**

January 2, 2003: Complaint filed against Defendant, Chip Falcone.

January 27, 2003: Complaint served on Defendant.

June 2, 2003: Plaintiff files Motion for Judgment by Default

June 4, 2003: Judge Chatigny grants judgment as to liability only and refers matter to Judge Martinez for hearing on damages and attorney's fees.

April 14, 2004: Judge Martinez schedules Hearing on Damages for Defendant.

2. **Facts the Plaintiff believes the Court should rely on to grant the requested relief**

The Plaintiff, DIRECTV, Inc., is a California –based company in the business of distributing satellite television throughout the United States. This lawsuit involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt the Plaintiff's protected satellite communications, ultimately allowing for the illegal free viewing of television programming. These devices are referred to as "Pirate Access Devices."

On or about May 25, 2001, the Plaintiff executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major distributors of Pirate Access Devices. The Plaintiff obtained shipping records of a device sent to the Defendant, Chip Falcone, primarily designed for the unauthorized interception of DIRECTV's Satellite Programming. The Defendant purchased a computer chip invoiced as an "ATMEL X." The ATMEL chip is specifically designed to be incorporated into a device used to reprogram DIRECTV Access Cards, generically called an "unlooper." The device was shipped from DSS-Stuff to the Defendant's home at his address in Waterbury, Connecticut.

The Defendants' activities violate federal telecommunication and wiretapping laws, including 47 U.S.C. § 605, and 18 U.S.C. §§ 2511 & 2512, and state statutory and common law, including civil conversion.

3. **A list of any witnesses**

There are no witnesses.

4. **A list of exhibits**

2

Exhibit A: Documentation of Marshall's service.

Exhibit B: Affidavit of Terri O'Connell that Chip Falcone is not in military service.

Exhibit C: Affidavit of Matthew D. Gordon as to attorney's fees.

Exhibit D: Cost and attorney fees documentation.

5. **Affidavits the Plaintiff will rely on**

   Exhibit B: Affidavit of Terri O'Connell that Chip Falcone is not in military service.

   Exhibit C: Affidavit of Matthew D. Gordon as to attorney's fees.

6. **Relief requested**

   The Plaintiff requests this Court to enter judgment against the Defendant in the amount of $10,000.00 plus costs of $106.45 and reasonable attorney fees in the amount of $1,462.28 for a total judgment of $11,568.73. The Plaintiff also requests injunctive relief and requests that the Defendant be enjoined from (i) possessing illegal access cards or other illegal devices or equipment (ii) interfering with DIRECTV's proprietary rights, (iii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iv) acting in further violation of the previously described statutes.

7. **The legal authority for the court's award of the requested relief**

   The legal authority entitling the Plaintiff to its requested damages are as follows:

   (i) <u>The Defendant violated 47 U.S.C § 605(a)</u>. The Defendant illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception, or exhibition of Satellite

Programming transmitted by DIRECTV. Moreover, upon information and belief, the Defendant divulged or published the existence, contents, substance, purport, effect or meaning of such satellite communications. Further, upon information and belief, Defendants used such communications for his own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is a practice prohibited by 47 U.S.C § 605(a).

The Plaintiff is a person aggrieved by the Defendant's violations of 47 U.S.C. § 605.

The Defendant's violations of 47 U.S.C. § 605 have injured and will continue to injure DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by Defendants attributable their illegal conduct. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 or more than $10,000 for each violation of 47 U.S.C. § 605(a).

(ii)   <u>The Defendant violated 18 U.S.C § 2511</u>. The Plaintiff alleges that the Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. Defendant further disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having a reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511. Upon information and belief, Defendant further intentionally

4

used or endeavored to use the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C § 2511.

The Plaintiff is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2511.

Due to the Defendant's wrongful conduct, the Plaintiff is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by each Defendant as a result of his conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendants acted in violation of 18 U.S.C. § 2511.

(iii)   <u>The Defendant violated 18 U.S.C § 2512</u>.  The Defendant possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.  More particularly the Defendant or someone at his direction, sent and/or received the ATMEL chip by means of the United States Postal Service or commercial mail carrier.

The Plaintiff is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2512.

Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV as a result of Defendants' conduct, or (2) statutory damages in an

5

amount the greater of $10,000 or $100 per day for each day Defendants acted in violation of 18 U.S.C. § 2512.

(iv) <u>The Defendant violated 47 U.S.C § 605(e)(4)</u>. The Defendant knowingly, manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the ATMEL chip is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity. Upon information and belief, Defendant actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECT Satellite Programming. Further, by removing and inserting the ATMEL chip and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, the Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.

The Plaintiff is a person aggrieved by the Defendants' independent violations of 47 U.S.C. § 605.

The Defendant's violation of 47 U.S.C § 605(e)(4) entitles the Plaintiff to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, the violation of 47 U.S.C § 605 have caused and will continue to cause the Plaintiff irreparable harm, which entitles the Plaintiff to preliminary and other equitable or declaratory relief as may be appropriate under the circumstances in accordance with 18 U.S.C. § 2520(b)(1).

(v) <u>The Defendant unlawfully converted DIRECTV's property</u>. By virtue of the conduct set forth above, the Defendant has unlawfully converted DIRECTV's property for his own commercial use and benefit. Such conversion was done intentionally and wrongfully by the Defendant to deprive DIRECTV of its proprietary interests and for the Defendant's direct benefit and advantage. Due to the Defendant's wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

8. **The Plaintiff's request for attorney's fees and costs**

The Plaintiff requests attorney's fees and costs and attached Exhibit A, "Affidavit of Matthew D. Gordon" as the basis for requesting the amount of $1,462.28 in attorney fees.

DATED this 29 day of March 2004.

        Respectfully Submitted,
        PLAINTIFF,

By _/s/ Matthew Dallas Gordon_
Matthew D. Gordon
SKELLEY ROTTNER P.C.
433 S. Main Street, Suite 305
West Hartford, CT 06110
Tel. 860-561-7077
Fax 860-561-7088
Fed. Bar. No. ct02355

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed, postage prepaid, to the following counsel of record and pro se parties on March 23, 2004:

Chip Falcone
1097 Hamilton Ave.
Waterbury, CT 06706

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　Matthew D. Gordon

SR\218022