IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF LACEY WALKER, JR.

The plaintiff, DIRECTV, Inc. ("DIRECTV"), objects to the defendant's motion to strike the affidavit of Lacey Walker, Jr. from DIRECTV's objection to the defendant's motion for summary judgment and the defendant's request for sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure because the plaintiff disclosed this expert in its Rule 26(a)(2) disclosure dated April 13, 2004. Further, the defendant has suffered no prejudice and the plaintiff has substantial justification for its disclosure of experts on April 13, 2004.

### BACKGROUND

The Court's order dated April 17, 2003 regarding case management indicated that the plaintiff's expert witnesses were to be disclosed by September 1, 2003 and that all discovery would be completed by October 31, 2003. On June 25, 2003 the plaintiff disclosed certain

ORAL ARGUMENT IS REQUESTED.

individuals because, although the individuals were not experts retained by DIRECTV, the nature of their testimony might extend to areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence. These individuals were also disclosed on June 28, 2003 as part of the plaintiff's initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Mr. Lacey Walker, Jr. was not disclosed as an expert witness at that time because DIRECTV then had no reason to believe that his expertise was needed.

On November 5, 2003, the Court granted the plaintiff's motion for enlargement of time to conduct the deposition of the defendant, Mike Caron, until the end of December 2003: an extension of two months. At his deposition on December 4, 2003, the defendant, Mike Caron, admitted that he purchased a device to program smart cards from a company called DSS-Stuff.com in September of 2000. Depo. M. Caron, 34. (**Exhibit A**). Mr. Caron explained at his deposition that he purchased the device to open a safe he had purchased at a tag sale, which safe was designed to be opened with a "smart card." Depo. M. Caron, 35 (**Exhibit B**). Although the defendant, Mike Caron, offered what seemed at the time to be a plausible legal explanation as to why he had purchased piracy devices, he was unable to substantiate his explanation. Depo. M. Caron, 41, 44, 53, 54 (**Exhibit C**). It was only after additional investigation of Mr. Caron's assertions that the plaintiff determined that the defendant's testimony was not credible. The plaintiff then secured the requisite experts to impeach and disprove the defendant's testimony.

On January 26, 2004, the defendant filed a motion for summary judgment. In its March 4, 2004 objection to the defendant's motion, the plaintiff relied on two individuals: Mr. Lacey Walker, Jr. and Mr. Bill Gatliff, both of whom were specially retained as experts to refute the defendant's deposition testimony. On April 13, 2004, the plaintiff filed a disclosure of these

expert witnesses in compliance with Rule 26(a)(2) the Federal Rules of Civil Procedure. (See **Exhibit D** for Plaintiff's Disclosure of Expert Witnesses.)

The issue in this motion is whether the Court should preclude the affidavit and reports of Lacey Walker, Jr.

**LAW AND ARGUMENT**

**A.     The Plaintiff Has Substantial Justification for Disclosing Its Experts at This Time.**

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that a party's disclosure may be used as evidence at trial if there is substantial justification and no prejudice to the other side. In the case at bar, the defendant was unable to provide any evidence to substantiate his claim that he purchased piracy products for a legitimate and lawful purpose. It was, therefore, reasonable for the plaintiff to conduct its own investigation regarding the defendant's proffered explanation. Upon further investigation and repeated efforts to verify the explanation Mr. Caron provided at his deposition on December 4, 2003, the plaintiff discovered that the defendant's explanation and testimony were not credible.

In its investigation, the plaintiff used Internet Crimes Group, Inc. ("ICG") to determine the truthfulness of Mr. Caron's deposition testimony. As indicated in the affidavit of Mr. Walker, including Exhibits H-1 and H-2, Mr. Caron requested assistance from others through the Internet on how to program the piracy devices he purchased in order to obtain DIRECTV satellite signals. (Exhibit H of DIRECTV's Memorandum of Law in Opposition to Caron's Motion for Summary Judgment). The plaintiff had no need prior to the defendant's deposition to use employees of ICG to disprove the defendant's testimony. Moreover, because the defendant admitted to purchasing the piracy devices, but claimed he used them for legal purposes, it was only upon further investigation after the defendant's less than truthful testimony that the affidavit and reports of the

expert employees of ICG became necessary.  After all, it was not unreasonable for the plaintiff to expect the defendant to testify truthfully at his deposition.  The plaintiff simply had no need prior to the defendant's testimony to use employees of ICG.

Furthermore, when the plaintiff made its disclosure of witnesses on June 25, 2003 in response to the defendant's interrogatories (and on June 28, 2003 as part of the plaintiff's initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure), the plaintiff was not required to disclose any witnesses that it intended to use solely for impeachment purposes.  Fed. R. Civ. P. 26(a)(1)(A).  Indeed, it was not until after the deposition of Mr. Caron on December 4, 2003, and the filing of the defendant's motion for summary judgment on January 20, 2004, that the retention of expert witnesses to refute the defendant's assertions regarding his purported lawful use of piracy products became necessary.  After the plaintiff filed its objection to the defendant's motion for summary judgment on March 4, 2003, the plaintiff timely disclosed (on April 13, 2004) the expert witnesses upon which it relied pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

In evaluating a motion filed pursuant to Federal Rules of Civil Procedure 37(b), a court may make such orders as are just.  <u>Update Art, Inc. v. Modiin Publishing, Ltd.</u>, 843 F.2d 67, 71 (2nd Cir. 1988).  Preclusion of expert testimony is a harsh remedy that courts implement on rare occasions when justice so requires.  <u>Id.</u>  Such a drastic measure will generally be used sparingly, in matters where failure to comply was willful, unjustified, and prejudicial.  <u>Equant Integrations Services, Inc. v. United Rentals, Inc.</u>, 217 F.R.D. 113, 118 (D.Conn. 2003).  In the case at bar, the experts retained by DIRECTV were retained only after further investigation became necessary as a result of the defendant's deposition testimony.  The plaintiff, therefore, had substantial

justification for its disclosure of experts on April 13, 2004 and its use of such experts in its objection to the defendant's motion for summary judgment dated March 4, 2004.

**B.     The Plaintiff's Disclosure of Experts at This Time Does Not Prejudice the Defendant.**

The defendant has ample opportunity to depose the plaintiff's experts and has therefore not been prejudiced by the plaintiff's disclosure. Moreover, the case has not yet been scheduled for trial and in all likelihood the case is more than 90 days from trial. Fed. R. Civ. P. 26(a)(2)(C). The plaintiff has notified the defendant that it is willing to arrange a mutually convenient time for the defendant to depose its experts. (**Exhibit E**).

Although, the defendant cites the case of Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 59 (1st Cir. 2001), for the proposition that exclusion of expert testimony is mandated, the reality is that a court has discretion to make such orders as are just. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2nd Cir. 1988). Furthermore, Lohnes is distinguishable because in that case the expert disclosures were made fewer than three weeks before the scheduled final pretrial conference, Lohnes 272 F.3d at 59-60, whereas in the case at bar the defendant has ample time to depose the plaintiff's experts. Moreover, as explained previously, the plaintiff had no reason to disclose the expert until recently.

> [T]he severity of this exclusion is softened by the proviso that the penalty should not apply if the offending party's failure to disclose was "substantially justified." Furthermore, even if the failure was not substantially justified the exclusion should not apply if the failure was "harmless." *Fed R. Civ. P. 37(c)(1)*; 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d section 2289.1, page 705. The Advisory Committee viewed these provisions as "coupled" and designed "to avoid unduly harsh penalties." *Advisory Committee Notes, 146 F.R.D. at 691*. While this was meant to soften the impact with respect to initial disclosures required by Rule 26(a)(1), these provisions can also be offered to excuse failures to disclose as required by Rule 26(a)(2) and (a)(3), which deal,

respectively, **[\*\*11]** with testifying expert witnesses and pretrial disclosures. See, Wright, Miller & Marcus at 2289.1, page 705.

Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995).

Because there is ample time for the defendant to depose the plaintiff's witnesses, the defendant is not prejudiced and his motion should be denied.

C.   **The Plaintiff's Expert's Affidavit Meets the Requirements of Federal Rules of Civil Procedure 56(e).**

Although the affidavit of Lacey Walker, Jr. is perhaps inartfully worded, and does not state that the information provided is based upon his personal knowledge, Mr. Walker does have personal knowledge of the facts discussed in his affidavit as evidenced by the documents provided to the defendant in the plaintiff's disclosure of experts. (See **Exhibit F** for additional documentation provided by Lacey Walker, Jr.)  In addition, the evidence offered by Mr. Walker does relate to Mr. Caron as evidenced by the invoice that was packaged with the products Mr. Caron purchased.  (See **Exhibit G** for copy of invoice addressed to Mike Caron with his Internet address name of major222@hotmailcom).  Mr. Walker's affidavit simply provides, through reports generated by ICG, evidence of Mr. Caron's Internet activity.  As the Project Manager of ICG, and as a Certified Computer Forensic Specialist, Mr. Walker has personal knowledge of the methods used by ICG to generate and evaluate reports prepared by ICG.  Very simply, the process described in Mr. Walker's affidavit was not performed by a single individual but by ICG and its staff and as a member of ICG's staff Mr. Walker has personal knowledge of the process.  This expert and his exhibits should, therefore, be admitted in their entirety.  "Defendant argues that the deficiencies in the expert report justify preclusion of expert testimony.  Preclusion of evidence is a harsh remedy and should be utilized only on rare occasions when justice so requires."  Croom v.

<u>Western Connecticut State University</u>, 218 F.R.D. 15, 17 (D.Conn. 2002) (quoting <u>Update Art, Inc. v. Modiin Publishing, Ltd.</u>, 843 F.2d 67, 71 (2nd Cir. 1988)).

**<u>CONCLUSION</u>**

For all the foregoing reasons, the defendant's Motion to Strike Affidavit of Lacey Walker, Jr. and Exhibits, and for Sanctions, should be denied.

DATED this 16th day of April 2004.

<div style="margin-left: 40%;">
Respectfully Submitted,<br>
PLAINTIFF,<br>
<br>
<br>
By_____\S_____<br>
Matthew D. Gordon<br>
SKELLEY ROTTNER P.C.<br>
433 S. Main Street, Suite 305<br>
West Hartford, CT 06110<br>
Tel. 860-561-7077<br>
Fax 860-561-7088<br>
Fed. Bar. No. ct02355
</div>

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel of record and pro se parties on April 16, 2004:

| | |
|---|---|
| Kenneth D. Quat | Stephen R. Ketaineck, Esq. |
| Damonmill Square, Suite 4A-4 | 140 Captain Thomas Boulevard |
| 9 Pond Lane | P.O. Box 428 |
| Concord, MA  01742 | West Haven, CT 06516 |
| *978-369-0848* | *203-932-2225* |
| *ken @quatlaw* | *203-934-4834 (fax)* |
| *For defendant, Mike Caron* | |

              \S\
             Matthew D. Gordon

SR\219312