**SKELLEY ROTTNER**

**Law Offices**
Corporate Center West
Suite 305
433 South Main Street
West Hartford, CT 06110

Reply to
P.O. Box 340890
Hartford, CT 06134-0890
Phone: (860) 561-7077
Fax: (860) 561-7088

Joseph F. Skelley, Jr.
1927-1995

James G. Geanuracos
Matthew Dallas Gordon
Randall M. Hayes
Kirby G. Huget
Susan L. Miller
Joel J. Rottner
Carl F. Yeich
Counsel–
Susan E. Malliet

April 13, 2004

Kenneth D. Quat
Damonmill Square, Suite 4A-4
9 Pond Lane
Concord, MA 01742

RE: **DIRECTV, Inc. v. Mike Caron, et al.**
   **Civil Action No. 3:03 CV 0007 (RNC)**
   **Our File No. 8800-02015**

Dear Attorney Quat:

Enclosed please find DIRECTV's Disclosure of Expert Witnesses in connection with the above referenced matter. We are disclosing these individuals in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. You will see that DIRECTV has disclosed Bill Gatliff and two colleagues from Netrino LLC, Michael Barr and David Simon, as well as Lacey Walker Jr. and Michael Stoabs of Internet Crimes Group ("ICG, Inc."). We are disclosing these experts because the affidavits of Mr. Gatliff and Mr. Walker, Jr. were used by DIRECTV in opposition to Mr. Caron's Motion for Summary Judgment.

There was no reason to disclose these experts until now because at his deposition on December 4, 2003, Mr. Caron presented a plausible explanation for why he had purchased the piracy products at issue, _viz._, that he purchased the piracy products to open a safe he had purchased at a tag sale, which safe was designed to be opened with a "smart card." It was only after we spoke with DIRECTV regarding Mr. Caron's deposition testimony (and Mr. Caron's inability to substantiate his explanation) that skepticism was expressed by DIRECTV regarding Mr. Caron's testimony. It was then decided that additional investigation regarding Mr. Caron's assertions was needed and it was only after this investigation occurred that DIRECTV determined that Mr. Caron's explanation was not credible. DIRECTV, in other words, had to retain Netrino LLC and ICG, Inc. because the facts of the case changed dramatically upon DIRECTV's discovery of the real reason Mr. Caron had purchased the piracy products.

We will, of course, make Mr. Gatliff and/or Mr. Lacey Walker Jr. or their colleagues available to you for deposition purposes. Please call our office to make arrangements for a mutually convenient time for you to depose these experts.

You will recall that on June 25, 2003, we disclosed several fact witnesses in response to your interrogatories. On June 28, 2003, we identified these same witnesses as part of our initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. These witnesses included James Whalen and Scott Madvig. Carol Fong-Hilton, was disclosed for the first time in response to Mr.

Page Two
Kenneth D. Quat

**SKELLEY ROTTNER** P

Caron's Motion for Summary Judgment as keeper of DIRECTV's business records. Even though these individuals are not experts retained by DIRECTV, Inc., we are nevertheless once again formally disclosing them to you because the specialized nature of their testimony may extend to areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence.

    Please call us if you would like to proceed with the depositions of Mr. Gatliff or Mr. Walker Jr. or their colleagues or any of the other witnesses we have disclosed.

                              Sincerely,

                              Matthew D. Gordon

MDG/tao
Enclosure
cc: Joseph Russo Jr.
SR/219214