**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT**

DIRECTV, Inc.,

      Plaintiff,

                                                 CIVIL ACTION
V.                                          NO.  3:03 CV 0007 (RNC)

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

      Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE AFFIDAVIT OF JAMES F. WHALEN**

The plaintiff, DIRECTV, Inc. ("DIRECTV") objects to the defendant's motion to strike the affidavit of James F. Whalen and the exhibits from DIRECTV's objection to the defendant's motion for summary judgment and the defendant's request for sanctions pursuant to 37(b) of the Federal Rules of Civil Procedure because the plaintiff disclosed Mr.Whalen in a timely manner. Further, the defendant has suffered no prejudice and the plaintiff has substantial justification for its disclosure of Mr. Whalen.

**BACKGROUND**

The Court's order dated April 17, 2003 regarding case management indicated that all discovery would be completed by October 31, 2003.  Initially, James E. Wells of DIRECTV's Office of Signal Integrity was disclosed to the Defendant on June 25, 2003 in response to

ORAL ARGUMENT IS REQUESTED.

defendant's interrogatories.  (**Exhibit A**).  James F. Whalen, also of DIRECTV's Office of Signal Integrity was initially disclosed on June 28, 2003 as part of the plaintiff's initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  In its 26(a)(1) disclosure, the plaintiff disclosed documents and James Whalen's deposition from a case titled <u>DIRECTV, Inc. v. Trone</u>, Case No. 02-5193 PA (C.D. Cal 2002).  That particular disclosure included the same exhibit as in Exhibit A-2 of Plaintiff's Reply to the Defendant's Summary Judgment on March 4, 2004.  (**Exhibit B**).  Both Mr. Wells and Mr. Whalen were disclosed again in the plaintiff's disclosure of experts and other witnesses, dated April 13, 2004.  (**Exhibit C** for Plaintiff's Disclosure of Expert Witnesses.)

On November 5, 2003, the Court granted the plaintiff's motion for enlargement of time TO conduct the deposition of the defendant, Mike Caron, to the end of December 2003: an extension of two months.  At his deposition on December 4, 2003, the defendant, Mike Caron, admitted that he purchased a device to program smart cards from a company called DSS-Stuff.com in September 2000.  Depo. M. Caron, 34.  (**Exhibit D**).  Mr. Caron explained at his deposition that he purchased the products at issue to open a safe he had purchased at a tag sale, which safe was designed to be opened with a "smart card."  Depo. M. Caron, 35 (**Exhibit D**).  Although the defendant, Mike Caron, offered what seemed at the time to be a plausible legal explanation as to why he had purchased piracy devices, he was unable to substantiate his explanation.  Depo. M. Caron, 41, 44, 53, 54 (**Exhibit D**).  It was only after additional investigation of Mr. Caron's assertions that the plaintiff determined that the defendant's testimony was not credible.  Mr. Whalen's affidavit reflects his knowledge as to the defendant's use of the devices at issue and the damage caused by such illicit use.

On January 26, 2004, the defendant filed a motion for summary judgment. In its March 4, 2004 objection to the defendant's motion, the plaintiff provided Mr. Whalen's affidavit and Exhibit A-2 (described above and provided in **Exhibit B**) and an exhibit of the defendant's invoice, previously disclosed at the defendant's deposition (**Exhibit E**). On April 13, 2004, the plaintiff filed another disclosure of Mr. Whalen, Mr. Wells, and Mr.Rissler. (See **Exhibit C** for Plaintiff's Disclosure of Expert Witnesses.)

The issue in this motion is whether the Court should preclude the affidavit and exhibits of James F. Whalen.

## LAW AND ARGUMENT

### A.    Plaintiff Has Met the Requirement of Federal Rules of Civil Procedure 26(a).

The plaintiff has timely met the disclosure requirements of Federal Rules of Civil Procedure 26(a) in disclosing both James Whalen and James Wells, both of whom are associated with DIRECTV's Office of Signal Integrity. Both Mr. Whalen and Mr. Wells were disclosed as witnesses who were not retained or specially employed to provide expert testimony. The plaintiff has always made it clear, however, that their testimony may extend into areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence due to the specialized nature of the evidence.

The defendant's concern with the plaintiff not providing an expert report by Mr. Whalen is misplaced. Rule 26(a)(2) of the Federal Rules of Civil Procedure does not require an expert report where the witness is not specially retained or employed to give expert testimony. Bank of China v. NBM LLC, 359 F.3d 171, 182 (2004). "It is well established that Fed.R.Civ.P. 26(a)(2) only requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve giving expert testimony." Bank of China 359 F.3d., at 182 (quoting Peck v. Hudson City Sch. Dist., 100 F.Supp.2d 118, 121

(N.D.N.Y.2000)).  The defendant, therefore, was never entitled to receive an expert report from Mr. Whalen or Mr. Wells.  Further, the bank employee in <u>Bank of China,</u> referenced by the defendant in his motion to strike, was offered only as a lay witness under Federal Rules of Evidence 701.  That is not the situation in the case at bar.  In the present action, Mr. Whalen and Mr. Wells have been disclosed timely as witnesses that may provide testimony which may extend into areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence.

As the defendant states in his motion to strike, the lay witness in <u>Bank of China</u> supplied testimony in three areas:  (a) certain transactions between the parties; (b) the concept of a "trust receipt," and how it works in the context of an international commercial transaction; and (c) "that it is considered fraud when an importer presents a trust receipt to a bank to obtain a loan knowing that there are no real goods involved." <u>Id.</u> at 180.  The Second Circuit found that because the witness had been disclosed only as a lay witness under Federal Rules of Evidence 701, the witness could only testify as to the first aspect of his testimony, <u>viz.</u> certain transactions between the parties.  <u>Id.</u> at 182.  The Court struck any part of the lay witness' testimony that "reflected specialized knowledge he has because of his extensive experience in international banking" and found that "explanations regarding typical international banking transactions or definitions of banking terms, and any conclusions that he made that were not a result of his investigation, were improperly admitted." <u>Id.</u>  The conclusion to be drawn, therefore, is that if the defendant in <u>Bank of China</u> had been notified that the lay witness might provide testimony covered by Rule 702, 703, or 705 of the Federal Rules of Evidence, then the lay witness testimony would not have been stricken and the lay witness could have provided testimony that reflected his specialized knowledge regarding transactions and definitions.

Similarly, in the present case, James Whalen has provided testimony that reflects specialized knowledge and explanations regarding transactions and definitions as a result of his background. Unlike the case in <u>Bank of China</u>, however, where the defendants were not put on notice that the lay witness might provide testimony pursuant to the Federal Rules of Evidence 702, 703, or 705, the defendant in the case at bar was put on notice in a timely manner. The defendant's motion to strike should, therefore, be denied.

**B.     Even if the Plaintiff Has Not Met the Requirements of the Federal Rules of Civil Procedure 26(a), the Plaintiff is Substantially Justified in Using James F. Whalen's Affidavit and Exhibits.**

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that a party's disclosure may be used as evidence at trial if there is substantial justification and no prejudice to the other side. In the case at bar, the defendant was unable to provide any evidence to substantiate his claim that he purchased the piracy products for a legitimate and lawful purpose. It was, therefore, reasonable for the plaintiff to conduct its own investigation regarding the defendant's proffered explanation. Upon further investigation and repeated efforts to verify the explanation Mr. Caron provided at his deposition on December 4, 2003, the plaintiff discovered that the defendant's explanation and testimony were not credible.

In its investigation, the plaintiff found that Mr. Caron requested assistance from others, through the Internet, on how to program the piracy devices he purchased in order to obtain TV signals. Mr. Whalen's affidavit provides evidence as to the utility of the devices manufactured and purchased by the defendant and that the devices purchased by the defendant allow for unauthorized access to DIRECTV, Inc.'s satellite signals.

In evaluating a motion filed pursuant to Federal Rules of Civil Procedure 37(b), a court may make such orders as are just. <u>Update Art, Inc. v. Modiin Publishing, Ltd.</u>, 843 F.2d 67, 71

(2nd Cir. 1988). Even though Mr. Whalen is a witness and was not disclosed as an expert, preclusion of expert testimony is a harsh remedy that courts implement on rare occasions when justice so requires. Id. Such a drastic measure will generally be used sparingly, in matters where failure to comply was willful, unjustified, and prejudicial. Equant Integrations Services, Inc. v. United Rentals, Inc., 217 F.R.D. 113, 118 (D.Conn. 2003). In the case at bar, Mr. Whalen's affidavit and testimony are critical to understanding the link between the piracy products the defendant purchased, his illegal use of the products, and the harm to DIRECTV.

**C.    James F. Whalen's Affidavit and Exhibits Do Not Prejudice the Defendant.**

The defendant has had and continues to have ample opportunity to depose Mr. Whalen. Moreover, the case has not yet been scheduled for trial and in all likelihood the case is more than 90 days from trial. Fed. R. Civ. P. 26(a)(2)(C). The plaintiff has notified the defendant that it is willing to arrange a mutually convenient time for the defendant to depose Mr. Whalen. (**Exhibit F**).

Although, the defendant cites the case of Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 59 (1st Cir. 2001), for the proposition that exclusion of expert testimony is mandated, the reality is that a court has discretion to make such orders as are just. Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2nd Cir. 1988). Furthermore, Lohnes is distinguished because in that case the disclosures were made fewer than three weeks before the scheduled final pretrial conference, Lohnes 272 F.3d at 59-60, whereas in the case at bar the defendant has had and continues to have ample time to depose Mr. Whalen.

> [T]he severity of this exclusion is softened by the proviso that the penalty should not apply if the offending party's failure to disclose was "substantially justified." Furthermore, even if the failure was not substantially justified the exclusion should not apply if the failure was "harmless." *Fed R. Civ. P. 37(c)(1)*; 8A Wright, Miller &

> Marcus, Federal Practice and Procedure: Civil 2d section 2289.1,
> page 705. The Advisory Committee viewed these provisions as
> "coupled" and designed "to avoid unduly harsh penalties." *Advisory*
> *Committee Notes, 146 F.R.D. at 691.* While this was meant to soften
> the impact with respect to initial disclosures required by Rule
> 26(a)(1), these provisions can also be offered to excuse failures to
> disclose as required by Rule 26(a)(2) and (a)(3), which deal,
> respectively, **[**11]** with testifying expert witnesses and pretrial
> disclosures. See, Wright, Miller & Marcus at 2289.1, page 705.

Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995).

Because there is ample time for the defendant to depose Mr. Whalen, the defendant is not

prejudiced and his motion should be denied.  Preclusion of evidence is a harsh remedy and should

be utilized only on rare occasions when justice so requires." Croom v. Western Connecticut State

University, 218 F.R.D. 15, 17 (D.Conn. 2002) (quoting Update Art, Inc. v. Modiin Publishing,

Ltd., 843 F.2d 67, 71 (2nd Cir. 1988)).

## **CONCLUSION**

For all the foregoing reasons, the defendant's Motion of Mike Caron to Strike Affidavit of

James F. Whalen and Exhibits, and for Sanctions, should be denied.

DATED this 16th day of April, 2004.

Respectfully Submitted,
PLAINTIFF,


By_____\S_____
    Matthew D. Gordon
    SKELLEY ROTTNER P.C.
    433 S. Main Street, Suite 305
    West Hartford, CT 06110
    Tel. 860-561-7077
    Fax 860-561-7088
    Fed. Bar. No. ct02355

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel of record and pro se parties on April 16, 2004:

Kenneth D. Quat
Damonmill Square, Suite 4A-4
9 Pond Lane
Concord, MA  01742
*978-369-0848*
*ken @quatlaw*
*For defendant, Mike Caron*

Stephen R. Ketaineck, Esq.
140 Captain Thomas Boulevard
P.O. Box 428
West Haven, CT 06516
*203-932-2225*
*203-934-4834 (fax)*


\S\
_____
Matthew D. Gordon


SR/219520