IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

## PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES OF DEFENDANT, MIKE CARON

TO:    MIKE CARON, by and through his attorney, Kenneth D. Quat, 132 Great Road, Suite 200, Stow, MA 01775

NOW COMES Plaintiff, DIRECTV, Inc. ("DIRECTV"), by and through its attorneys and, pursuant to Federal Rules of Civil Procedure, files this, its Objections, Answers, and Responses to Defendant, Mike Caron's, First Set of Interrogatories:

### III. OBJECTIONS & RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, residential address, business address, and official position of the person answering these interrogatories and each person who provided information or otherwise assisted in answering these interrogatories.

**OBJECTION:** DIRECTV objects to this request as it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence given the allegations in this case.

**RESPONSE:** Subject to and without waiving the foregoing objection:

> James E. Wells
> Office of Signal Integrity
> DIRECTV, Inc.
> c/o Mathew D. Gordon, Esquire
> Skelley Rottner, P.C.
> P. O. Box 340890
> Hartford, Connecticut 06134-0890

**INTERROGATORY NO. 2:** State the full name, and present business and residence addresses and telephone numbers of each individual known by you or your attorneys to possess knowledge of the facts relating to the allegations in the Complaint, and state the subject matter and brief summary of the matters on which he or she has knowledge.

**OBJECTION:** DIRECTV objects to this interrogatory as it seeks to invade the attorney-client, work product and consulting expert privileges.

**RESPONSE:** Subject to and without waiving the foregoing objections:

Scott McNeal
McNeal Investigations
30011 Ivy Glenn, Suite 114
Laguna Niguel, CA 92677

Steven P. Hutt
c/o Charles Wagman
Wagman, Sherkin
756 A Queen Street East, Suite 200
Toronto, Ontario M4M1H4

Mr. Hutt has knowledge regarding the sale of the satellite signal theft devices to the defendant in this action and to the design and intent of the devices;

Derek Trone
c/o Anne Marie Healy
Law Office of Anne Marie Healy
1108 West 5th Street
Santa Ana, CA 92703

Mr. Trone has knowledge regarding the sale of the satellite signal theft devices to the defendant in this action and to the design and intent of the devices;

**INTERROGATORY NO. 3:** Identify with specificity all documents relating to or supporting your allegations in the Complaint, along with the custodian of those documents, including the full name of the custodian, address and phone number.

**OBJECTION:** DIRECTV objects to this request as it necessarily seeks to invade the work product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and other thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney-client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made the basis of this lawsuit which may have been made between or among DIRECTV and its agents, representatives and employees, subsequent to Defendant's illegal use of satellite programming, and in connection with the prosecution or investigation of claims arising out of Defendant's illegal conduct.

## ATTACHMENT C (pg. 3)

Jerad Forcier
c/o Stephan J. Johnson
Attorney at Law
9333 Baseline Rd., Suite 250
Rancho Cucamonga, CA 91730


James E. Wells
Office of Signal Integrity
DIRECTV, Inc.
c/o Greer, Herz & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200

Mr. Wells will testify as to the utility of the devices manufactured by various companies, purchased by defendants in this case from DSS-Stuff, Whiteviper Technologies, DSS-Hangout, CanSat2000, Intertek, DSSPro, Vector Technologies, Card Unlooping, or their affiliated website, and distributed by the Fulfillment Plus facility. More specifically, the devices purchased by defendants allow for unauthorized access to DIRECTV satellite signals. This individual will also testify as to the evidence relating to defendants' use of these devices and the damages caused by such illicit use.

## VERIFICATION

DIRECTV, INC.

By: _____
    James E. Wells
Its: Director

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BEFORE ME, the undersigned authority, on this day personally appeared James E. Wells, Director of DIRECTV, INC., who, after having been duly sworn, stated that the above and foregoing answers to interrogatories are true and correct.

SWORN TO AND SUBSCRIBED before me by said James E. Wells on this 23 day of June, 2003 to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC in and for
the State of California

Debbie A Fletcher
Print Name

November 7, 2003
Commission Expires

[Notary Seal: DEBBIE A. FLETCHER, Commission # 1241229, Notary Public - California, Los Angeles County, My Comm. Expires Nov 7, 2003]