IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

DIRECTV, Inc.,

    Plaintiff,

V.

MIKE CARON, CHIP FALCONE, MIKE
IASEVOLI, MICHAEL MASTRO, Jr.,
HECTOR MONTALVO and GEORGE
MORGAN

    Defendants.

CIVIL ACTION
NO. 3:03 CV 0007 (RNC)

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXHIBIT "A" TO AFFIDAVIT OF SCOTT MADVIG

The plaintiff, DIRECTV, Inc. ("DIRECTV"), objects to the defendant's motion to strike Exhibit A to the affidavit of Scott Madvig submitted in support of the plaintiff's objection to the defendant's motion for summary judgment on the grounds that Scott Madvig's affidavit and exhibit meet the requirements of Federal Rules of Evidence 902(11) and 803(6).

### LAW AND ARGUMENT

Scott Madvig's affidavit meets all of the requirements of the Federal Rules of Evidence 902(11) because the invoice record is an exception to the hearsay rule pursuant to Rule 803(6) of the Federal Rules of Evidence 803(6). Rule 902(11) of the Federal Rules of Evidence requires

ORAL ARGUMENT IS REQUESTED.

that the record be admissible under Rule 803(6) and that a qualified person certify that the record:

> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> (B) was kept in the course of the regularly conducted activity; and
> (C) was made by the regularly conducted activity as a regular practice.

Rule 902(11) further provides that:

> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Mr. Madvig is clearly a qualified person because, as certified in his affidavit, he "was the owner and operator of a shipping facility named Fulfillment Plus" and was "the custodian of record for all of Fullfillment Plus records." The defendant's objection to the invoice record on the basis that Mr. Madvig never worked for DSS-Stuff is misplaced. While it is true that Mr. Madvig did not work for DSS-Stuff, Mr. Madvig did own the fulfillment house that performed shipping services for DSS-Stuff and which mailed Mike Caron the piracy devices with the invoice record at issue included. To meet the requirements of Rule 902(11), Mr. Madvig need not have worked for DSS-Stuff to know how his shipping facility would generate the record invoice. Mr. Madvig is only required to be a qualified person, which he clearly is. "The term 'custodian or other qualified witness' in *Rules 803(6) and 902(11)* ('qualified person') is generally given a very broad interpretation." United States of America v. Lauersen, 348 F.3d 329, 342 (2nd Cir. 2003) (quoting 5 Weinstein's Federal Evidence § 803.08[8][a], at 803-77 (2d ed. 2003)). The invoice record at

issue was generated by Fulfillment Plus of which Mr. Madvig, as the owner, is a person with knowledge of the business processes used by Fulfillment Plus to generate the invoice record and he is therefore qualified to certify the invoice record.

Moreover, Mr. Madvig certifies in his affidavit that the exhibit of the invoice record was "made at or near the time of the events depicted therein," that the record was "kept in the course of the regularly conducted business activity of Fulfillment Plus," and that the record was "created by the regularly conducted activity of Fulfillment Plus." Finally, Mr. Madvig states that he has "personal knowledge" of the invoice record.

Furthermore, in compliance with Rule 902(11) of the Rule Federal Rules of Evidence, the plaintiff notified the defendant of Mr. Madvig and the invoice record. Mr. Madvig was initially disclosed by the plaintiff in response to the defendant's request for interrogatories and production on June 25, 2003 and was again disclosed on June 28, 2003 as part of the plaintiff's initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. (**Exhibit A**). In its 26(a)(1) disclosure, the plaintiff also disclosed Mr. Madvig's deposition from a case titled DIRECTV, Inc. v. Trone, Case No. 02-5193 PA (C.D. Cal 2002). In that deposition, Mr. Madvig plainly states that he was the owner of Fulfillment Plus and performed shipping services for DSS-Stuff. (**Exhibit B**). At the deposition of Mr. Caron on December 4, 2003 a copy of the invoice was disclosed and marked as an exhibit. (**Exhibit C**). Mr. Madvig was again disclosed on March 4, 2003 in plaintiff's objection to the defendant's summary judgment and on April 13, 2004 in the

plaintiff's disclosure of experts and other witnesses. (See **Exhibit D** Plaintiff's Disclosure of Expert Witnesses).

Through its numerous disclosures the plaintiff has notified the defendant of the witness Scott Madvig and the invoice record at issue in compliance with Rule 902(11) of the Rule Federal Rules of Evidence. Finally, the plaintiff has notified the defendant that it is willing to arrange a mutually convenient time for the defendant to depose Mr. Madvig. (**Exhibit E**).

## CONCLUSION

For all the foregoing reasons, the defendant's Motion of Mike Caron to Strike Exhibit "A" to Affidavit of Scott Madvig should be denied.

DATED this 16th day of April, 2004.

>                       Respectfully Submitted,
>                       PLAINTIFF,
>
>
>                       By_____\S_____
>                           Matthew D. Gordon
>                           SKELLEY ROTTNER P.C.
>                           433 S. Main Street, Suite 305
>                           West Hartford, CT 06110
>                           Tel. 860-561-7077
>                           Fax 860-561-7088
>                           Fed. Bar. No. ct02355

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid to the following counsel of record and pro se parties on April 16, 2004:

| | |
|---|---|
| Kenneth D. Quat | Stephen R. Ketaineck, Esq. |
| Damonmill Square, Suite 4A-4 | 140 Captain Thomas Boulevard |
| 9 Pond Lane | P.O. Box 428 |
| Concord, MA  01742 | West Haven, CT 06516 |
| *978-369-0848* | *203-932-2225* |
| *ken @quatlaw* | *203-934-4834 (fax)* |
| *For defendant, Mike Caron* | |

 

                                                                                    \S\
                                                                     Matthew D. Gordon

SR\219621