UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>MIKE CARON et al., )<br>Defendant )<br>_____) | CIVIL ACTION 3:03CV0007-RNC |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF MIKE CARON TO STRIKE AFFIDAVIT OF BILL GATLIFF AND EXPERT REPORTS, AND FOR SANCTIONS**

COMES NOW Mike Caron, defendant in this action, and replies to plaintiff's opposition to his motion to strike the affidavit of Bill Gatliff and the 3 expert reports attached thereto. The Gatliff materials address the nature and function of the devices allegedly purchased by defendant.

**I. PLAINTIFF'S RATIONALE FOR ITS LATE DISCLOSURE OF GATLIFF AND THE REPORTS IS PRETEXTUAL AND DISINGENUOUS; MOREOVER, THE PREJUDICE TO DEFENDANT HAS BEEN SUBSTANTIAL.**

Plaintiff admits, as it must, that it did not disclose Bill Gatliff as an expert witness in its Rule 26(a) disclosures or interrogatory answers. It further admits that it did not furnish the expert reports until opposing defendant's motion for summary judgment, well past the Court-ordered deadline of September 1, 2003. Plaintiff now attempts to avoid exclusion of these materials by pointing to its late disclosure on April 13, 2004, and

contending that the late disclosure was justified and without prejudice to defendant. Plaintiff's position is sorely misguided and must fail.

Plaintiff filed this action alleging, *inter alia,* that defendant purchased "pirate access devices" and that he used same to unlawfully intercept plaintiff's satellite signal. At the time it filed the Complaint plaintiff did not have any direct evidence of interception, and still does not have such evidence. Indeed, in this case – like the thousands of similar cases DirecTV has filed around the country – there is *never* direct evidence of actual interception. All of the litigation is premised on DirecTV's belief that interception can be inferred from the mere purchase of certain "pirate access devices."[1] Thus, plaintiff's entire case – such as it is – is and always has been completely dependent on establishing that the devices allegedly purchased by defendant were designed for the purpose of facilitating unauthorized reception of plaintiff's satellite signal, and the Complaint so states. *See* Complaint, ¶15. Nonetheless, plaintiff takes the position, incredibly, that it had no obligation to disclose this evidence until after the defendant moved for summary judgment.[2] Plaintiff's explanation completely ignores the facts that it has the burden of proving each and every element of its claims, that plaintiff knew as of March 12, 2003 (the date of filing of the Answer) that it would have to do so without the benefit of any admission by defendant, that there was no direct evidence of actual

---

[1] *See,* e.g., *DirecTV v. Bush,* Civil Action No. H-03-1765, at pp. 7-8 (S.D.Tex., Oct. 24, 2003)("DIRECTV has offered nothing more than Bush's alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signal in an unauthorized manner."); *DirecTV v. Garnett,* C.A. No. C-03-346, at p. 8 (S.D.Tex., Feb. 26, 2004)("DIRECTV argues that its uncontroverted circumstantial evidence raises a fact issue on the question of whether Garnett pirated DIRECTV broadcasts because it establishes that Garnett: (1) had DIRECTV access; and (2) purchased pirate devices."); *DirecTV v. Fisher,* C/A No. 6:02-3197-18 (D.S.C., Aug. 18, 2003)(opposing summary judgment on the sole basis of "evidence of possession of a pirating device"). Copies of these opinions were filed with the Court in connection with defendant's motion for summary judgment.

[2] In its opposition, plaintiff claims that its duty to disclose arose after defendant's deposition, but the fact remains that no disclosure occurred until after it responded to defendant's motion for summary judgment, some four months after the deposition.

interception by defendant, that defendant intended to move for summary judgment,[3] and that plaintiff's entire case was predicated on the allegedly unlawful nature of the devices themselves. Under such circumstances, the non-disclosure cannot be "substantially justified" and exclusion is therefore required. *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375 (5th Cir. 1996)(upholding exclusion of expert evidence where, *inter alia,* party did not provide persuasive excuse for non-disclosure). Indeed, for plaintiff to claim its conduct was "substantially justified," or without prejudice to defendant, sets a new standard for brazenness. While actual bad faith is not a prerequisite to the imposition of sanctions under Rule 37(c)(1), *Empresa Cuban del Tabaco v. Culbro Corp.,* 213 F.R.D. 151 (S.D.N.Y. 2003), plaintiff's outrageous conduct here renders such sanctions even more appropriate.[4]

The only conclusion consistent with the undisputed facts is that from the inception of this case plaintiff utterly ignored its obligation to identify and provide discoverable information to defendant, but when finally confronted with a strong motion for summary judgment it scrambled to find ways to oppose same. In essence, plaintiff is taking the position that – knowing a defendant has denied the material allegations of the complaint and intends to file for summary judgment - it should be allowed to conduct no "paper" discovery whatsoever, wait until the last minute (including an extension) to take the

---

[3] By letter dated September 12, 2003, defendant informed the Court of his intention to move for summary judgment, and the Court held a telephone conference on October 8, 2003 in which defendant was granted leave to do so.

[4] Plaintiff seems to believe that simply affording defendant an opportunity to depose the 2 witnesses prior to trial somehow negates any prejudice to defendant. Such belief defies logic. First, there is no guarantee that only two depositions would cure the problem. Second, plaintiff's failure to disclose deprived defendant of the opportunity to identify and designate opposing experts; in essence, therefore, plaintiff's proposal boils down to completely re-opening discovery. Finally, defendant has already invested considerable resources in preparing his case and moving for summary judgment based on the evidence disclosed. To reverse course at this point would be extremely time-consuming and costly, developments which would clearly prejudice defendant and frustrate the efficient and orderly administration of justice.

defendant's deposition, wait until the defendant has moved for summary judgment, and then be able to designate experts. This is precisely the kind of last-minute mining for evidence and legal maneuvering which the automatic sanction of Rule 37(c)(1) and this Court's Case Management Order were designed to eliminate. *See Shepard v. Frontier Communications Services, Inc.,* 92 F.Supp.2d 279 (S.D.N.Y. 2000)(excluding summary judgment exhibits not disclosed during discovery); *Black v. Columbus Public Schools,* 124 F.Supp.2d 550, 561 (S.D.Oh. 2000)(striking summary judgment affidavit on ground that affiant had not been disclosed during discovery). Far from being an "extraordinary" remedy, the courts have made clear that the relief sought by defendant is in fact the "standard sanction" for disclosure violations such as the one committed here. *Samos Imex Corp. v. Nextel Communications,* 194 F.3d 301, 305 (1st Cir. 1999).

### II. PLAINTIFF HAS NOT ADDRESSED DEFENDANT'S ARGUMENTS THAT THE EXHIBITS ARE INADMISSIBLE IN EVIDENCE FOR FAILING TO COMPLY WITH RULE 26(a)(2)(B).

In addition to contending that the Gatliff affidavit and exhibits must be stricken because they were not properly disclosed, in his motion to strike defendant also argued that the exhibits fail to comply with the requirements of Fed.R.Civ.P. 26(a)(2)(B) because they do not set forth any of the required background information of the witnesses. In its its opposition plaintiff has not challenged or briefed this argument.

### III. PLAINTIFF'S OPPOSITION CONFIRMS THAT ADDITIONAL SANCTIONS ARE APPROPRIATE.

The unsupported and far-fetched explanations which plaintiff has raised in opposition to defendant's motion to strike confirm that monetary and trial sanctions are appropriate in this case. Moreover, plaintiff's arguments belie an arrogance and

4

disrespect for rules and court orders which must not be countenanced. Sadly, plaintiff appears to be fond of engaging in such conduct. As one Court recently declared in dismissing a similar "piracy" lawsuit brought by DirecTV:

> This is one of a number of lawsuits which the plaintiff is flooding the court with and which in instances such as this it is poorly prepared to litigate. This is the plaintiff's mode of operations. Finally, it is apparent the plaintiff sees the court as its personal domain disregarding the rules of procedures . . . It is unlikely that any sanction will be meaningful to this plaintiff, but dismissal of this action will at least put the plaintiff on notice that its cavalier attitude towards the rules and Orders of the court is not without consequences.

*DirecTV v. Griffin*, C.A. No. 6:03-2943-18 (D.S.C., March 15, 2004)(Exhibit A).

## CONCLUSION

For all the above reasons, defendant Mike Caron respectfully requests that the affidavit of Bill Gatliff and the three expert reports appended thereto be stricken and excluded from consideration on defendant's motion for summary judgment. Defendant further moves for an award of reasonable fees and expenses associated with this motion, for an order that the witness be barred from testifying at trial, and for an order that the exhibits not be admissible at trial.

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

5

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

_____

Dated: