UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION 3:03CV0007-RNC |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MIKE CARON et al., | ) | |
| Defendant | ) | |
| _____ | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF MIKE CARON TO STRIKE EXHIBIT "A" TO AFFIDAVIT OF SCOTT MADVIG**

COMES NOW Mike Caron, defendant in this action, and replies to plaintiff's opposition to his motion that Exhibit A to the affidavit of Scott Madvig be stricken and/or excluded from consideration in connection with said motion.

**Argument**

**I. NOTHING IN PLAINTIFF'S OPPOSITION CURES THE FACTS THAT THE EXHIBIT IS HEARSAY AND NOT PROPERLY AUTHENTICATED.**

In its opposition to defendant's motion, plaintiff offers no additional, *admissible* facts to cure the evidentiary problems with Exhibit A.  First, plaintiff admits, as it must, that the affiant – Scott Madvig – never worked for or was otherwise affiliated with the entity which created the "Packing Slip" at issue.[1]  Opposition, p. 2.  Second, there is no new admissible evidence in plaintiff's opposition which addresses the gap in Madvig's

---

[1] In a thinly-disguised attempt to authenticate the document at all costs, plaintiff insists on referring to it as an "invoice" despite its clear designation as a "packing slip."

affidavit as to the relationship, if any, between "DSS-Stuff.Com" – the entity from whom defendant allegedly ordered the device – and "Fullfillment Plus."  Third, there is no admissible evidence set forth in plaintiff's opposition to support the contention that "Fullfillment Plus" generated or had any role in producing the "packing slip" which is attached as Exhibit A.[2]  Finally, there is no affidavit or other competent evidence to support plaintiff's completely new assertion that "Fullfillment Plus . . . mailed Mike Caron the piracy devices with the invoice record at issue included."  Opposition, p. 2.  Unfortunately for plaintiff, simply attaching and referring to a copy of a deposition excerpt conducted in another action (attached to plaintiff's opposition as Exhibit B) cannot remedy these problems, since the excerpt is unauthenticated, unsigned, and does not indicate that it was given under oath or that defendant had an opportunity to cross-examine the witness.  Consequently, the exhibit completely fails to pass muster as a "business record" exception to the hearsay rule, and cannot be considered by the Court.

## II. THE EXHIBIT CANNOT BE CONSIDERED BECAUSE MADVIG'S AFFIDAVIT DOES NOT REFLECT THAT THE EXHIBIT WAS MADE BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE.

In order for a business record to be admissible in evidence as an exception to the hearsay rule, the custodian (or other qualified person) must attest that it was made by, or from information transmitted by, "a person with knowledge . . . "  Fed.R.Evid. 803(6) and 902(11).  The Madvig affidavit is silent as to this requirement and this omission is fatal to plaintiff's position.  Madvig's silence is not surprising given that apparently he had no affiliation or other connection with "DSS-Stuff.Com.

---

[2] Indeed, the most plaintiff has offered – again, without any factual foundation - is that Madvig's employer "performed shipping services for DSS-Stuff."  Opposition, p. 2.

2

**Conclusion**

For all the above reasons, as well as those set forth in defendant's motion, Exhibit "A" to the Affidavit of Scott Madvig should be stricken and/or excluded from consideration in connection with defendant's motion for summary judgment.

Respectfully submitted:

_____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

_____

Dated: