UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIRECTV, Inc, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION 3:03CV0007-RNC |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MIKE CARON et al., | ) | |
| Defendant | ) | |
| _____ | ) | |

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF MIKE CARON TO STRIKE AFFIDAVIT OF LACEY WALKER, JR. AND EXHIBITS, AND FOR SANCTIONS

COMES NOW Mike Caron, defendant in this action, and replies to plaintiff's opposition to his motion to strike the affidavit of Lacey Walker, Jr. along with both exhibits attached thereto. These materials purport to show email activity by defendant which allegedly indicates that he was involved in stealing (or attempting to steal) plaintiff's satellite signal.

### I.  PLAINTIFF'S RATIONALE FOR ITS LATE DISCLOSURE OF WALKER IS PRETEXTUAL AND DISINGENUOUS; MOREOVER, THE PREJUDICE TO DEFENDANT HAS BEEN SUBSTANTIAL.

In its opposition, plaintiff states that Walker is offered as an expert witness. As such, he was required to be disclosed to defendant in plaintiff's Rule 26(a) mandatory disclosures. Furthermore, this Court's order of April 17, 2003 required that all expert reports were to be furnished to defendant by September 1, 2003. Plaintiff did not comply

with either requirement, and never requested or moved for an extension of time to comply with same.

Now, plaintiff is attempting to justify its delay of more than 7 months in disclosing Walker's identity and the exhibits on the basis that "plaintiff had no need prior to the defendant's deposition to use employees of ICG to disprove the defendant's testimony."  Opposition, p. 3.   Plaintiff's rationale reflects a desperate "grasping at straws" that must be forcefully rejected by this Court.

Plaintiff filed this action alleging, *inter alia,* that defendant purchased "pirate access devices" and that he used same to unlawfully intercept plaintiff's satellite signal. At the time it filed the Complaint plaintiff did not have any direct evidence of interception, and still does not have such evidence.  Indeed, in this case – like the thousands of similar cases DirecTV has filed around the country – there is *never* direct evidence of actual interception.  All of the litigation is premised on DirecTV's belief that interception can be inferred from the mere purchase of certain "pirate access devices" and other circumstantial evidence.[1]   Nonetheless, plaintiff takes the position, incredibly, that it can allege defendant to be a "satellite pirate" but did not have to disclose information which it claims indicates pirating activity until after the defendant moved for summary judgment.[2]  Plaintiff's explanation completely ignores the facts that it has the burden of

---

[1] *See,* e.g., *DirecTV v. Bush,* Civil Action No. H-03-1765, at pp. 7-8 (S.D.Tex., Oct. 24, 2003)("DIRECTV has offered nothing more than Bush's alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signal in an unauthorized manner."); *DirecTV v. Garnett,* C.A. No. C-03-346, at p. 8 (S.D.Tex., Feb. 26, 2004)("DIRECTV argues that its uncontroverted circumstantial evidence raises a fact issue on the question of whether Garnett pirated DIRECTV broadcasts  because it establishes that Garnett: (1) had DIRECTV access; and (2) purchased pirate devices."); *DirecTV v. Fisher,* C/A No. 6:02-3197-18 (D.S.C., Aug. 18, 2003)(opposing summary judgment on the sole basis of "evidence of possession of a pirating device").  Copies of these opinions were filed with the Court in connection with defendant's motion for summary judgment.

proving each and every element of its claims, that plaintiff knew as of March 12, 2003 (the date of filing of the Answer) that it would have to do so without the benefit of any admission by defendant, that there was no direct evidence of actual interception by defendant, and that defendant intended to move for summary judgment.[3]  Under such circumstances, the non-disclosure cannot be "substantially justified" and exclusion is therefore required.  *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375 (5th Cir. 1996)(upholding exclusion of expert evidence where, *inter alia,* party did not provide persuasive excuse for non-disclosure).  Indeed, for plaintiff to claim its conduct was "substantially justified," or without prejudice to defendant, sets a new standard for brazenness.  While actual bad faith is not a prerequisite to the imposition of sanctions under Rule 37(c)(1), *Empresa Cuban del Tabaco v. Culbro Corp.,* 213 F.R.D. 151 (S.D.N.Y. 2003), plaintiff's outrageous conduct here renders such sanctions even more appropriate.[4]

The only conclusion consistent with the undisputed facts is that from the inception of this case plaintiff utterly ignored its obligation to identify and provide discoverable information to defendant, but when finally confronted with a strong motion for summary

---

[2] In its opposition, plaintiff states that its duty to disclose Walker arose at the time of defendant's deposition, but the fact remains that no disclosure was made until plaintiff responded to defendant's motion for summary judgment, some four months after the deposition.

[3] By letter dated September 12, 2003, defendant informed the Court of his intent to move for summary judgment.  On October 8, 2003, the Court held a telephone conference in which defendant was granted leave to so move.

[4] Plaintiff seems to believe that simply affording defendant an opportunity to depose Walker prior to trial somehow negates any prejudice to defendant.  Such belief defies logic.  First, there is no guarantee that only one deposition would cure the problem.  Second, plaintiff's failure to disclose Walker deprived defendant of the opportunity to identify and designate an opposing expert; in essence, therefore, plaintiff's proposal boils down to completely re-opening discovery.  Finally, defendant has already invested considerable resources in preparing his case and moving for summary judgment based on the evidence disclosed  To reverse course at this point would be extremely time-consuming and costly, developments which would clearly prejudice defendant and frustrate the efficient and orderly administration of justice.

judgment it scrambled to find ways to oppose same.  In essence, plaintiff is taking the position that – knowing a defendant has denied the material allegations of the complaint and intends to file for summary judgment - it should be allowed to conduct no "paper" discovery whatsoever, wait until the last minute (including an extension) to take the defendant's deposition, wait until the defendant has moved for summary judgment, and then be able to conduct its investigation into the facts and disclose same.  This is precisely the kind of last-minute mining for evidence and legal maneuvering which Rule 26(a) and the automatic sanction of Rule 37(c)(1) were designed to eliminate.  *See Shepard v. Frontier Communications Services, Inc.,* 92 F.Supp.2d 279 (S.D.N.Y. 2000)(excluding summary judgment exhibits not disclosed during discovery); *Black v. Columbus Public Schools,* 124 F.Supp.2d 550, 561 (S.D.Oh. 2000)(striking summary judgment affidavit on ground that affiant had not been disclosed during discovery).  Far from being an "extraordinary" remedy, the courts have made clear that the relief sought by defendant is in fact the "standard sanction" for disclosure violations such as the one committed here.  *Samos Imex Corp. v. Nextel Communications,* 194 F.3d 301, 305 (1st Cir. 1999).

II. **SINCE PLAINTIFF ACKNOWLEDGES THAT WALKER IS AN EXPERT AND HAS STILL NOT PROVIDED A REPORT AS REQUIRED BY COURT ORDER, THE AFFIDAVIT MUST BE STRICKEN.**

As stated, in its opposition to defendant's motion to strike plaintiff takes the position that Lacy Walker, Jr. is a specially retained expert witness. Opposition, 2.  As such, plaintiff was required to furnish defendant with a signed report from Walker by September 1, 2003.  *See Order Regarding Case Management Plan (April 17, 2003),* pp. 1-2.  No such report was produced within the time frame specified, and none has been

4

produced to date. Accordingly, neither the affidavit nor exhibits can be considered on summary judgment.

### III. PLAINTIFF HAS NOT ADDRESSED DEFENDANT'S ARGUMENTS THAT EXHIBITS H-1 AND H-2 ARE INADMISSIBLE IN EVIDENCE AND MUST BE EXCLUDED FROM CONSIDERATION ON SUMMARY JUDGMENT.

In addition to contending that the Walker affidavit and exhibits must be stricken because Walker was not properly disclosed as a witness, defendant has also argued that the exhibits fail to pass muster on several evidentiary grounds. In its opposition plaintiff has not challenged or briefed any of these arguments.

### IV. PLAINTIFF'S OPPOSITION CONFIRMS THAT ADDITIONAL SANCTIONS ARE APPROPRIATE.

The unsupported and far-fetched explanations which plaintiff has raised in opposition to defendant's motion to strike confirm that monetary and trial sanctions are appropriate in this case. Moreover, plaintiff's arguments belie an arrogance and disrespect for court rules and orders which must not be countenanced. Sadly, plaintiff appears to be fond of engaging in such conduct. As one Court recently declared in dismissing a similar "piracy" lawsuit brought by DirecTV:

> This is one of a number of lawsuits which the plaintiff is flooding the court with and which in instances such as this it is poorly prepared to litigate. This is the plaintiff's mode of operations. Finally, it is apparent the plaintiff sees the court as its personal domain disregarding the rules of procedures . . . It is unlikely that any sanction will be meaningful to this plaintiff, but dismissal of this action will at least put the plaintiff on notice that its cavalier attitude towards the rules and Orders of the court is not without consequences.

*DirecTV v. Griffin*, C.A. No. 6:03-2943-18 (D.S.C., March 15, 2004)(Exhibit A).

5

**CONCLUSION**

For all the above reasons, defendant Mike Caron respectfully requests that the affidavit of Lacey Walker, Jr. and Exhibits H-1 and H-2 be stricken and excluded from consideration on defendant's motion for summary judgment. Defendant further moves for an award of reasonable fees and expenses associated with this motion, for an order that the witness be barred from testifying at trial, and for an order that the exhibits not be admissible at trial.

                                                    Kenneth D. Quat
                                                    9 Damonmill Square, Suite 4A-4
                                                    Concord MA 01742
                                                    978-369-0848
                                                    978-371-2296 (fax)
                                                    Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

                                        Mirto, Ketaineck, Barrett & DiCrosta, P.C.
                                        P.O. Box 428
                                        West Haven CT 06516

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

Dated: