UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION 3:03CV0007-RNC |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | |
| MIKE CARON et al., ) | |
| Defendant ) | |
| _____) | |

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION OF MIKE CARON TO STRIKE AFFIDAVIT OF JAMES F. WHALEN AND EXHIBITS, AND FOR SANCTIONS

COMES NOW Mike Caron, defendant in this action, and replies to plaintiff's opposition to his motion to strike the affidavit of James F. Whalen, along with both exhibits attached thereto.  Defendant's motion to strike is based on several grounds: (a) neither Whalen nor Exhibit A-2 was disclosed to defendant; (b) the affidavit does not comply with Fed.R.Civ.P. 56(e); and (c) both exhibits consist solely of unauthenticated hearsay.

### I.   CONTRARY TO ITS ASSERTION, WHALEN WAS NOT DISCLOSED AS A WITNESS EITHER IN PLAINTIFF'S INITIAL DISCLOSURES OR INTERROGATORY ANSWERS.

Plaintiff's initial disclosure pursuant to Fed.R.Civ. P. 26(a) does not contain *any* mention of Whalen as a potential witness for plaintiff in this case, either as an expert or fact witness.  *See* Plaintiff's Initial Disclosures (appended to defendant's motion to strike

as Exhibit A).[1]  Nor was Whalen disclosed in plaintiff's interrogatory answers.  *See* Exhibit B to Defendant's Motion to Strike.   Plaintiff nonetheless has the audacity to claim in its Opposition that it "has timely met the disclosure requirements of Federal Rules of Civil Procedure 26(a) in disclosing James Whalen" and that "plaintiff has always made it clear . . . that [Whalen's] testimony may extend into areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence."   These statements should be seen for what they are:  complete, unadulterated falsehoods.  The affidavit and exhibits must be stricken.

## II. PLAINTIFF'S POSITION WITH REGARD TO ITS NON-DISCLOSURE OF ANY EXPERT REPORT BY WHALEN FLAGRANTLY, IF NOT INTENTIONALLY, DISREGARDS THE COURT'S ORDER OF APRIL 17, 2003.

In its opposition, plaintiff acknowledges – as it must – that Whalen's purpose in the case is to provide testimony "which may extend into areas covered by Rule 702, 703, or 705 of the Federal Rules of Evidence."  Opposition, 3.  Also *see* Exhibit F attached thereto.   Plaintiff argues, however, that it was not required to provide an expert report from Whalen because "Rule 26(a)(2) of the Federal Rules of Civil Procedure does not require an expert report where the witness is not specially retained or employed to give expert testimony."  Opposition, 3.

Regardless of whether Whalen falls technically outside the scope of Rule 26, on April 17, 2003 this Court issued an "Order Regarding Case Management Plan" which provided in pertinent part as follows:

---

[1] The fact that a deposition transcript given by Whalen in an unrelated case (and containing no information specific to Mr. Caron or Mr. Caron's alleged activities) was included as one of the voluminous materials provided in CD-ROM form to defendant clearly does not satisfy plaintiff's burden to designate *witnesses* and *witness information.*

2

> <u>Discovery Relating to Expert Witnesses:</u>  An expert witness is *anyone,* including a treating physician, who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. . . *The requirement of a signed report applies to all expert witnesses whether or not the witness has been specifically retained to provide expert testimony in the case.*

(emphases added).  Plaintiff's failure to provide such a report for Whalen, and its continuing insistence on same, therefore runs directly counter to this Court's well-considered (and presumably standard) pre-trial procedures, on which defendant relied in conducting discovery and moving for summary judgment.  Consequently, the affidavit and exhibits must be stricken.

### III.  AN EXPERT REPORT WAS ALSO REQUIRED BECAUSE WHALEN REGULARLY PROVIDES EXPERT TESTIMONY FOR PLAINTIFF.

Plaintiff has also asserted that it was not required to furnish defendant with a report from Whalen under Fed.R.Civ.P. 26(a)(2) because he was not retained or specially employed to provide expert testimony in the case.  Opposition, 3.  However, plaintiff conveniently overlooks a significant component of the Rule, which requires reports to be furnished where the witness's "duties as an employee of the party regularly involve giving expert testimony."  Fed.R.Civ.P. 26(a)(2)(B).  Appended hereto as Exhibit A is an affidavit of defendant's counsel attesting to the fact that he has handled, or is handling, approximately 30 similar "satellite piracy" cases brought by DirecTV, and that Mr. Whalen has been listed as a potential expert witness in most of them.  Accordingly, an expert report was required by the Rule (as well as by Court order), and as a result the Whalen affidavit and exhibits may not be considered on summary judgment.[2]

---

[2] Plaintiff's failure to address this aspect of Rule 26 is disingenuous at best, misleading at worst.

3

IV.  **PLAINTIFF'S RATIONALE FOR ITS LATE DISCLOSURE OF WHALEN IS PRETEXTUAL AND DISINGENUOUS; MOREOVER, THE PREJUDICE TO DEFENDANT HAS BEEN SUBSTANTIAL.**

The Whalen affidavit and exhibits address the nature of DirecTV's satellite technology and how the "pirate" devices allegedly purchased by defendant can be used to unlawfully intercept its signal.

At the time it filed the Complaint plaintiff did not have any direct evidence that defendant unlawfully intercepted its signal or committed any other illegal act, and plaintiff still does not have such evidence.  Indeed, in this case – like the thousands of similar cases DirecTV has filed around the country – there is *never* direct evidence of actual interception.  All of the litigation is premised on DirecTV's belief that interception can be inferred from the mere purchase of certain "pirate access devices."[3]   Thus, plaintiff's entire case – such as it is – is and always has been completely dependent on establishing that the devices allegedly purchased by defendant were designed for the purpose of facilitating unauthorized reception of plaintiff's satellite signal, and the Complaint so states.  *See* Complaint, ¶15.  Nonetheless, plaintiff takes the position, incredibly, that it had no obligation to disclose this evidence until after the defendant moved for summary judgment.[4]   Plaintiff's explanation completely ignores the facts that

---

[3] *See,* e.g., *DirecTV v. Bush,* Civil Action No. H-03-1765, at pp. 7-8 (S.D.Tex., Oct. 24, 2003)("DIRECTV has offered nothing more than Bush's alleged admission that he bought a device that DIRECTV contends is capable of intercepting its satellite signal in an unauthorized manner."); *DirecTV v. Garnett,* C.A. No. C-03-346, at p. 8 (S.D.Tex., Feb. 26, 2004)("DIRECTV argues that its uncontroverted circumstantial evidence raises a fact issue on the question of whether Garnett pirated DIRECTV broadcasts because it establishes that Garnett: (1) had DIRECTV access; and (2) purchased pirate devices."); *DirecTV v. Fisher,* C/A No. 6:02-3197-18 (D.S.C., Aug. 18, 2003)(opposing summary judgment on the sole basis of "evidence of possession of a pirating device").  Copies of these opinions were filed with the Court in connection with defendant's motion for summary judgment.

[4] In its opposition, plaintiff claims that its duty to disclose arose after defendant's deposition, but the fact remains that no disclosure occurred until after it responded to defendant's motion for summary judgment, some four months after the deposition.

4

it has the burden of proving each and every element of its claims, that plaintiff knew as of March 12, 2003 (the date of filing of the Answer) that it would have to do so without the benefit of any admission by defendant, that there was no direct evidence of actual interception by defendant, that defendant intended to move for summary judgment,[5] and that plaintiff's entire case was predicated on the allegedly unlawful nature of the devices themselves.  Under such circumstances, the non-disclosure cannot be "substantially justified" and exclusion is therefore required.  *See Barrett v. Atlantic Richfield Co.,* 95 F.3d 375 (5th Cir. 1996)(upholding exclusion of expert evidence where, *inter alia,* party did not provide persuasive excuse for non-disclosure).  Indeed, for plaintiff to claim its conduct was "substantially justified," or without prejudice to defendant, sets a new standard for brazenness.  While actual bad faith is not a prerequisite to the imposition of sanctions under Rule 37(c)(1), *Empresa Cuban del Tabaco v. Culbro Corp.,* 213 F.R.D. 151 (S.D.N.Y. 2003), plaintiff's outrageous conduct here renders such sanctions even more appropriate.[6]

The only conclusion consistent with the undisputed facts is that from the inception of this case plaintiff utterly ignored its obligation to identify and provide discoverable information to defendant, but when finally confronted with a strong motion for summary judgment it scrambled to find ways to oppose same.  In essence, plaintiff is taking the

---

[5] By letter dated September 12, 2003, defendant informed the Court of his intention to move for summary judgment, and the Court held a telephone conference on October 8, 2003 in which defendant was granted leave to do so.

[6] Plaintiff seems to believe that simply affording defendant an opportunity to depose Whalen prior to trial somehow negates any prejudice to defendant.  Such belief defies logic.  First, there is no guarantee that only one deposition would cure the problem.  Second, plaintiff's failure to disclose Whalen deprived defendant of the opportunity to identify and designate an opposing expert; in essence, therefore, plaintiff's proposal boils down to completely re-opening discovery.  Finally, defendant has already invested considerable resources in preparing his case and moving for summary judgment based on the evidence disclosed  To reverse course at this point would be extremely time-consuming and costly, developments which would clearly prejudice defendant and frustrate the efficient and orderly administration of justice.

5

position that – knowing a defendant has denied the material allegations of the complaint and intends to file for summary judgment - it should be allowed to conduct no "paper" discovery whatsoever, wait until the last minute (including an extension) to take the defendant's deposition, wait until the defendant has moved for summary judgment, and then be able to designate experts.  This is precisely the kind of last-minute mining for evidence and legal maneuvering which the automatic sanction of Rule 37(c)(1) and this Court's Case Management Order were designed to eliminate.  *See Shepard v. Frontier Communications Services, Inc.,* 92 F.Supp.2d 279 (S.D.N.Y. 2000)(excluding summary judgment exhibits not disclosed during discovery); *Black v. Columbus Public Schools,* 124 F.Supp.2d 550, 561 (S.D.Oh. 2000)(striking summary judgment affidavit on ground that affiant had not been disclosed during discovery).  Far from being an "extraordinary" remedy, the courts have made clear that the relief sought by defendant is in fact the "standard sanction" for disclosure violations such as the one committed here.  *Samos Imex Corp. v. Nextel Communications,* 194 F.3d 301, 305 (1st Cir. 1999).

### V.  PLAINTIFF HAS NOT ADDRESSED ANY OF THE EVIDENTIARY PROBLEMS WITH THE AFFIDAVIT AND EXHIBITS.

In his motion to strike, defendant contended that substantial portions of Whalen's affidavit could not be considered on summary judgment because the purported expert opinions lacked foundations and many other assertions were pure hearsay.   Defendant also argued that both exhibits were comprised entirely of unauthenticated hearsay and thus inadmissible.  In its opposition, plaintiff has not questioned or briefed any of these positions.

## VI. PLAINTIFF'S OPPOSITION CONFIRMS THAT ADDITIONAL SANCTIONS ARE APPROPRIATE.

The unsupported and far-fetched explanations which plaintiff has raised in opposition to defendant's motion to strike confirm that monetary and trial sanctions are appropriate in this case. Moreover, plaintiff's arguments belie an arrogance and disrespect for court rules and orders which must not be countenanced. Sadly, plaintiff appears to be fond of engaging in such conduct. As one Court recently declared in dismissing a similar "piracy" lawsuit brought by DirecTV:

> This is one of a number of lawsuits which the plaintiff is flooding the court with and which in instances such as this it is poorly prepared to litigate. This is the plaintiff's mode of operations. Finally, it is apparent the plaintiff sees the court as its personal domain disregarding the rules of procedures . . . It is unlikely that any sanction will be meaningful to this plaintiff, but dismissal of this action will at least put the plaintiff on notice that its cavalier attitude towards the rules and Orders of the court is not without consequences.

*DirecTV v. Griffin*, C.A. No. 6:03-2943-18 (D.S.C., March 15, 2004)(Exhibit B).

## CONCLUSION

For all the above reasons, defendant Mike Caron respectfully requests that the affidavit of James F. Whalen and both exhibits appended thereto be stricken and excluded from consideration on defendant's motion for summary judgment. Defendant further moves for an award of reasonable fees and expenses associated with this motion, for an order that the witness be barred from testifying at trial, and for an order that the exhibits not be admissible at trial.

                                      _____
Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
Conn. Fed. Bar Number: 24512

Connecticut address pursuant to Local Rule 83.1(c):

        Mirto, Ketaineck, Barrett & DiCrosta, P.C.
        P.O. Box 428
        West Haven CT 06516

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner P.C., P.O. Box 340890, Hartford CT 06134-0890.

                                      _____

Dated: