33

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 28 P 12: 14
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff | ) |
| v. | ) Civil Action 3:03CV0007-RNC |
| MIKE CARON et al., | ) |
| Defendant | ) |

**DEFENDANT MIKE CARON'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(a), defendant Mike Caron hereby moves for

**September 27, 2004.** DIRECTV, INC. v. CARON
3:03CV0007 (RNC)

Re: Defendant's Motion for Summary Judgment [doc. # 33]

Granted in part. Summary judgment is granted as to count three because 18 U.S.C. § 2520(a) does not create a private right of action for mere possession of a device in violation of §2512(1)(b). See Directv, Inc. v. Treworgy, 373 F.3d 1124, 1125 (11th Cir. 2004); Directv, Inc. v. Lewis, No. 03-CV-6241CJS(F) 2004 WL 941805, at *6 (W.D.N.Y. Jan. 6, 2004). Summary judgment is granted as to count five because, until such time as the Connecticut Supreme Court or Appellate Court rules differently, a federal trial court must apply the traditional rule that intangible property interests are not subject to conversion under Connecticut law. See Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 44 (2000). Summary judgment is denied as to counts one, two and four because the evidence of plaintiff's possession of pirating devices and the hardware needed to operate them, viewed in light of the timing of the cessation and resumption of his customer relationship with plaintiff, would permit a reasonable jury to infer that he knowingly manufactured, assembled or modified a pirating device and/or intercepted plaintiff's satellite signals. Cf. Community Television Sys., Inc. v. Caruso, 134 F. Supp.2d 455, 461 (D. Conn. 2000) (possession of pirating device coupled with circumstantial evidence of actual use sufficient to establish claim under 47 U.S.C. § 605(e)(3)(A)). So ordered.

Robert N. Chatigny, U.S.D.J