UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action 3:03CV0007-RNC |
| ) | |
| ) | |
| MIKE CARON et al., ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Mike Caron hereby moves that this Honorable Court reconsider its order dated September 27, 2004 denying defendant's motion for summary judgment as to Counts One, Two, and Four of the Complaint.

**Argument**

**THERE IS NO EVIDENCE IN THE RECORD THAT ANY OF THE SUBJECT DEVICES WERE "PIRATING DEVICES" OR OTHERWISE UNLAWFUL; PLAINTIFF'S MOTION SHOULD THEREFORE HAVE BEEN GRANTED IN ITS ENTIRETY.**

In its order, the Court stated the following with respect to its denial of summary judgment on Counts One, Two, and Four of the Complaint:

> Summary judgment is denid as to counts, one, two and four because the evidence of plaintiff's possession of pirating devices and the hardware needed to operate them, viewed in light of the timing of the cessation and resumption of his customer relationship with plaintiff, would permit a reasonable jury to infer that he knowingly manufactured, assembled or modified a pirating device and/or intercepted plaintiff's satellite signals.

The Court then cited the case of *Community Television Systems, Inc. v. Caruso,* 134 F.Supp.2d 455, 461 (D.Conn. 2000) for the proposition that "possession of pirating device coupled with circumstantial evidence of actual use sufficient to establish claim under 47 U.S.C. s. 605(e(3)(A).

Respectfully, the problem with the Court's analysis is that there is absolutely no evidence in the summary judgment record that the items which are the subject of this lawsuit are "pirating devices" or have any illegitimate or unlawful uses whatsoever. Even a cursory reading of plaintiff's opposition to defendant's motion for summary judgment reveals that the only "evidence" relied on by plaintiff to establish such a proposition were affidavits from three individuals - Bill Gatliff, James Whalen, and Lacey Walker – which purported to present expert opinions regarding same. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, pp. 6-10, 15-17. However, on August 20, 2004, the Court struck each of these affidavits in its entirety. *See Ruling and Order* dated August 20, 2004. (In the same Order, the Court denied defendant's motion to strike a fourth affidavit, that of Scott Madvig, but that affidavit contains no information about the nature or function of the devices, and served only to introduce a "packing slip," which likewise contains no such information.) In the absence of these affidavits, the averments set forth in defendant's affidavit regarding the nature of the devices are wholly unrebutted, specifically, that they were generic "smart card" devices which, according to the website itself, would enable defendant to operate the "smart card" security system on a safe he purchased at a tag sale. Defendant's Affidavit, 5. Without *any* evidence to create a genuine issue of fact that the items in question were "pirate devices" which could be used to intercept plaintiff's

satellite signal or modify plaintiff's satellite equipment, defendant cannot be found to have engaged in such conduct as a matter of law.

## CONCLUSION

For all the above reasons, as well as those set forth in defendant's motion, defendant respectfully requests that the Court reconsider its order of September 27, 2004, and award summary judgment to defendant on all counts of the Complaint.

Respectfully submitted:

_____
Kenneth D. Quat
9 Damonmill Squre, Suite 4A-4
Concord MA 01742
978-369-0848
978-371-2296 (fax)
CT #24512

Connecticut address pursuant to Local Rule 83.1(c):

Mirto, Ketaineck, Barrett & DiCrosta, P.C.
P.O. Box 428
West Haven CT 06516

Certificate of Service

I hereby certify that a copy of the foregoing has been served on plaintiff's counsel by mailing same via first class mail, postage prepaid, to Matthew D. Gordon, Esq., Skelley Rottner, P.C., P.O. Box 340890, Hartford CT 06134.

_____

Dated: