```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

DIRECTV, INC.,                  :
                                :
     Plaintiff,                 :
                                :
     v.                         :   CASE NO. 3:03CV0007 (RNC)
                                :
MIKE CARON, ET AL.,             :
                                :
     Defendants.                :
```

RECOMMENDED RULING AFTER HEARING ON DAMAGES

I.   PROCEDURAL HISTORY

The plaintiff commenced this action on January 2, 2003 against numerous defendants, including Chip Falcone, alleging that the defendants unlawfully intercepted plaintiff's protected satellite communications, allowing for the illegal free viewing of television programming. The plaintiff seeks injunctive relief and damages pursuant to 47 U.S.C. § 605 and 18 U.S.C. §§ 2511 and 2512.

On January 27, 2003, the complaint and summons were personally served upon the defendant Chip Falcone. (Doc. #3.) Falcone failed to file an appearance and did not respond to the complaint. On June 4, 2003, following a motion by the plaintiff under Fed. R. Civ. P. 55(b), the court (Chatigny, C.J.) entered judgment of default against Falcone as to liability only. On June 4, 2003, the matter was referred to this magistrate judge for a determination of damages and attorneys' fees. (Doc. #18.)

The following is the court's recommended ruling regarding

damages, attorneys' fees and the entry of final judgment.

II. FACTS

The plaintiff alleged, and it is deemed admitted,[1] that the defendant Falcone possessed an illegal device designed to intercept and decrypt the plaintiff's protected satellite communications. Specifically, the defendant Falcone purchased a computer chip, known as "ATMEL X", which is primarily designed for the unauthorized interception of the plaintiff's satellite programming. The ATMEL chip is designed to fit into a device used to reprogram DirecTV access cards, generically called an "unlooper." The device was shipped from a company called DSS-Stuff to Falcone's home address. Defendant was aware that the device was primarily used to decrypt satellite programming. After receiving the device, Falcone programmed or re-programmed access cards, and subsequently intercepted, received and displayed satellite programming without authorization from DirecTV.

---

[1] Upon failure to plead or otherwise defend a complaint, the plaintiff's well plead allegations are deemed admitted, except those relating to the amount of damages. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 69-70 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363, 93 S. Ct. 647, 34 L. Ed. 2d 577 (1973); Sales v. Republic of Uganda, 828 F. Supp. 1032, 1038 (S.D.N.Y. 1993). However, even after a default judgment has entered "[i]t is axiomatic that a plaintiff is not entitled to damages if a plaintiff has failed to state a cognizable claim." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1010 (8th Cir. 1993); compare Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57-58 (2d Cir. 1990) (default judgment properly vacated and summary judgment entered for defendants where plaintiff's action had no valid basis).

III. <u>STATUTORY DAMAGES</u>

In its complaint and motion for default judgment, the plaintiff requests an assessment of statutory damages under 47 U.S.C. § 605(a), 47 U.S.C. § 605(e)(4) and 18 U.S.C. §§ 2511 and 2512. The plaintiff seeks a total of $10,000.00 in statutory damages.[2]

Plaintiff is entitled to damages for violation of 47 U.S.C. § 605(a), which proscribes the theft of any cable or satellite services. The relevant penalty provision, 47 U.S.C. § 605(e)(3)(C)(i)(II), provides in pertinent part that

> [t]he party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just. . . .

As the statutory language indicates, the amount of damages assessed under this provision rests within the sound discretion of the court. See <u>Home Box Office v. Champs of New Haven, Inc.</u>, 837 F. Supp. 480, 484 (D. Conn. 1993).

In this case, as the defendant's liability under § 605(a) is deemed admitted and the defendant has offered no defense or

---

[2] Plaintiff also relies on its claim for conversion in count five to support its request for $10,000 in damages. Under Connecticut law, however, intangible property interests are not subject to conversion. See <u>Hi-Ho Tower, Inc. v. Com-Tronics, Inc.</u>, 255 Conn. 20, 44 (2000); <u>see also</u> doc. #33 (ruling on Mike Caron's Motion for Summary Judgment). No damages can be awarded on plaintiff's claim for conversion.

3

evidence in mitigation, the court finds that $2,500 is an appropriate award of statutory damages for each violation of § 605. Compare <u>Cablevision Sys. Of Southern Connecticut v. Johnson</u>, Case No. 3:01CV702 (Chatigny, C.J.) (Oct. 7, 2003) ($2,500 awarded in statutory damages); <u>Charter Communications v. Bonomonte</u>, Case No. 3:01CV512 (Chatigny, C.J.) (Aug. 18, 2003) ($2,500 awarded in statutory damages); <u>Charter Communications v. Mai</u>, Case No. 3:98cv2266 (Underhill, J.)(Oct. 22, 1999)($2,500 awarded in statutory damages); <u>Tele-Media Co. of Western Connecticut v. Dinis</u>, Case No. 3:98cv1514 (Droney, J.)(Sept. 22, 1999)($1,500 awarded in statutory damages); <u>Tele-Media Co. of Western Connecticut v. Morey</u>, Case No. 3:98cv1510 (Squatrito, J.)(Nov. 25, 1998)($1,500 awarded in statutory damages); <u>Charter Communications v. Ramos</u>, Case No. 3:97cv1573 (Droney, J.)(June 18, 1998)($3,000 awarded in statutory damages); and <u>Community Television Systems, Inc. v. Aitro</u>, Case No. 3:97cv1447 (Thompson, J.)(May 4, 1998)($5,500 an appropriate award of statutory damages for each violation of § 605). Accordingly, because the defendant purchased and used one illegal decoding device, he should be liable for one violation under § 605(a) and pay the plaintiff $2,500 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff is not entitled to damages for violation of 47 U.S.C. § 605(e)(4). That statute prohibits the manufacture,

assembly, modification, sale or distribution of any electronic, mechanical or other device, knowing or having reason to know that the device is primarily of assistance in the unauthorized decryption of satellite services. 47 U.S.C. § 605(e)(4).[3] Although the complaint alleges that the ATMEL X chip is primarily used to program or reprogram DirecTV access cards, the mere use of such a device is not "modification" of a pirate access device under § 605(e)(4). Several courts have recognized that § 605(e)(4) addresses the manufacture, assembly, modification, import, export, sale, and distribution of pirate access devices but is aimed at "upstream manufacturers and distributors, not the ultimate consumer of pirating devices." See DIRECTV, Inc. v. Neznak, 371 F. Supp. 2d 130, 133 (D. Conn. 2005) (citing Directv, Inc. v. Albright, No. 03-4603, 2003 U.S. Dist. LEXIS, 23811, at *7 (E.D. Pa. Dec. 9, 2003); DIRECTV, Inc. v. Borich, No. 1:03-2146, 2004 WL 2359414, at *3 (S.D. W.Va. Sept. 17, 2004); DirecTV, Inc. v. McDougall, SA-03-CA-1165, 2004 WL 2580769, at *3 (W.D. Tex. Nov. 12, 2004)). Reading § 605(e)(4) to encompass the allegations in plaintiff's complaint would render § 605(a) "superfluous," because *any* use of a pirate access device to intercept satellite signals could be deemed a "modification" of

---

[3] The corresponding penalty provision provides that an "aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just", for a violation of § 605(e)(4). 47 U.S.C. § 605(e)(3)(C)(i)(II).

5

DirecTV's hardware. See id. Given the heightened penalties for violations of § 605(e)(4), the court finds that "Congress intended in that section to penalize manufacturers and distributers, not mere consumers of pirate access devices." Id. Plaintiff is not entitled to damages under § 605(e)(4).

The undersigned does not recommend an award of statutory damages for violation of 18 U.S.C. § 2511. That criminal statute proscribes the interception, disclosure or intentional use of wire or electronic communications, including satellite services. 18 U.S.C. § 2511; United States v. Shriver, 989 F.2d 898, 902 (7th Cir. 1992). A plaintiff whose communication has been intercepted in violation of § 2511 can bring a civil suit for damages. See, e.g., DirecTV, Inc. v. Baker, 318 F. Supp. 2d 1113, 1116 (M.D. Ala. 2004).[4]

Although liability has been established under § 2511, an award of statutory damages under § 2520(c)(2)(B) is within the court's discretion. See Neznak, 371 F. Supp. 2d at 134 (citing Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999) (holding that "the plain language of the statute compels the conclusion that the district courts have the discretion to decline the imposition

---

[4] Under 18 U.S.C. § 2520(c)(2)(B), a plaintiff is entitled to the greater of the sum of (1) actual damages suffered by plaintiff and any profits made by defendant as a result of the conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day the defendant acted in violation of 18 U.S.C. § 2511.

6

of damages," and noting that when Congress amended the statute in 1986, it "expressly changed the verb from a mandatory form to a permissive one"); Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996) ("We think it logical that Congress chose to make the award of [statutory] damages discretionary, given the potential of the law to bring financial ruin to persons of modest means, even in cases of trivial transgressions")). "Several district courts, confronted with similar claims brought under both 47 U.S.C. § 605 and 18 U.S.C. § 2511, 2520, have declined to award the § 2520 statutory damages." Id. (citing DirecTV, Inc. v. Perrier, No. 03-CV-400S, 2004 WL 941641, at *4 (W.D.N.Y. Mar. 15, 2004) (exercising discretion to award no statutory damages under § 2520 in light of absence of evidence that defendant significantly profited from his violations of statute or induced others to engage in similar misconduct, and because damages were awarded under 47 U.S.C. § 605); DirecTV, Inc. v. Kaas, 294 F. Supp. 2d 1044, 1049 (N.D. Iowa 2003) (finding $10,000 award excessive)) (other citations omitted).

This court concludes that the $2,500 in statutory damages recommended pursuant to 47 U.S.C. § 605(a) would adequately punish the defendant for his illegal actions and at the same time compensate DirecTV for its losses and act as a deterrent to others. An additional award of statutory damages under 18 U.S.C. § 2520 would be excessive because the conduct addressed by this statute is identical to that covered by 47 U.S.C. § 605. The

7

undersigned recommends that this court exercise its discretion to award no statutory damages under 18 U.S.C. § 2520 for violation of 18 U.S.C. § 2511.

Lastly, the plaintiff is not entitled to damages for violation of 18 U.S.C. § 2512. That statute does not create a private right of action for mere possession of a device in violation of § 2512. See <u>DirecTV, Inc. V. Treworgy</u>, 373 F.3d 1124, 1125 (11th Cir. 2004); <u>DirecTV, Inc. V. Lewis</u>, No. 03-CV-6241CJS(F), 2004 WL 941805, at *6 (W.D.N.Y. Jan. 6, 2004); <u>see also</u> doc. #33 (ruling on Mike Caron's motion for summary judgment).

IV.  <u>ATTORNEYS' FEES AND COSTS</u>

The plaintiff also seeks an award of attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii) and 18 U.S.C. § 2520. Both of these sections allow the recovery of costs and attorneys' fees to an aggrieved party who prevails. Plaintiff seeks $1,073.61 in attorneys' fees and costs.[5]

In support of its claim for attorneys' fees and costs, the plaintiff filed an affidavit from its counsel, Matthew D. Gordon, which contains an explanation of the fees incurred in prosecuting this action. See doc. #53, Ex. C. Plaintiff also submitted billing statements with contemporaneous time records detailing

---

[5] In its Memorandum of Law on Hearing in Damages (doc. #53), the plaintiff requested $1,568.73 in attorneys' fees and costs. At the hearing on damages, however, plaintiff's counsel modified the request to this reduced amount.

8

the charges. Id., Ex. D. At the hearing on damages, plaintiff's counsel reduced his request for attorney's fees by deleting a number of the entries on the time and billing statements that did not relate to his prosecution of the action against defendant Falcone. In total, plaintiff seeks compensation for 4.5 hours of attorney time and 1.86 hours of paralegal time. Plaintiff seeks compensation at an hourly rate of $175 for attorneys and $90 for paralegals.

Based on the court's knowledge of the prevailing rates in the area, the court finds that the rates sought are reasonable. See Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). The court also finds that the time spent and costs incurred in prosecuting this action are reasonable.

Accordingly, the undersigned recommends that the defendant pay the plaintiff $954.90 in attorneys' fees plus $106.45 in costs.

V. PERMANENT INJUNCTION

The plaintiff requests injunctive relief to prevent or restrain future violations of 47 U.S.C. § 605 or 18 U.S.C. §§ 2511 and 2512 by the defendant Falcone. The court finds that such a decree is appropriate in this case and orders that the defendant Falcone, his servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined from (i) possessing

illegal access cards or other illegal devices or equipment, (ii) interfering with DirecTV's proprietary rights, (iii) intercepting, receiving, divulging, or displaying DirecTV's Satellite Programming without prior written consent of DirecTV, and (iv) acting in further violation of the previously described statutes with regard to DirecTV.

VI.  CONCLUSION

Based on the foregoing, the undersigned recommends that judgment enter against the defendant in the total amount of $3,561.35 ($2,500 in statutory damages, $954.90 in attorneys' fees and $106.45 in costs).

Any party may seek the district court's review of this recommendation. See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within ten days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992)(failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

SO ORDERED at Hartford, Connecticut this 30th day of September, 2005.

Donna F. Martinez
United States Magistrate Judge

10